SHORT RECORD
NO. 15-2440
FILED 07/08/2015

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**LIGHTSPEED MEDIA CORP.,**

      *Plaintiff,*

      *v.*

**ANTHONY SMITH, et al.,**

      *Defendants.*

Civil No. 12-889 DRH

**NOTICE OF APPEAL**

Notice is hereby given that Paul Hansmeier hereby appeals to the United States Court of Appeals for the Seventh Circuit from a final order penalizing him joint and severally in the amount of $65,000, entered in this action on the 5th day of June, 2015 at docket number 199.

/s/ Paul Hansmeier
Paul Hansmeier
100 5th Street South
Suite 1900
Minneapolis, MN 55402
612-234-5744

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LIGHTSPEED MEDIA CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 12-889-GPM |
| | ) | |
| ANTHONY SMITH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Currently before the Court are motions to vacate, or in the alternative reconsider the order granting fees and costs to Defendant Anthony Smith filed by Paul Duffy, Paul Hansmeier, and John Steele (Docs. 66, 68, 74).  Also before the Court are motions for fees and costs filed by Defendants ComCast Cable Communications, LLC ("ComCast") and SBC Internet Services, Inc. d/b/a AT&T Internet Services ("AT&T") (Docs. 78, 82), as well as itemizations of fees and costs filed by Smith, ComCast, and AT&T (Docs. 90, 97, 98).

The Court initially reserved ruling on these motions (*See* Doc. 96); for the reasons set forth below, the Court now denies the motions to vacate or reconsider filed by Duffy, Hansmeier, and Steele, and grants the motions for attorney fees filed by ComCast and AT&T.

## BACKGROUND

On March 21, 2013, this matter was voluntarily dismissed by Plaintiff Lightspeed Media Corp. (Docs. 59, 60).  Following the dismissal, the Court granted Defendant Anthony Smith's motion requesting attorney fees and costs because Plaintiff filed and pursued claims against Smith

that Plaintiff knew were baseless from the start (Doc. 65).   The Court granted Smith his fees and

costs under 28 U.S.C. § 1927 to be paid by Plaintiff's counsel: John Steele, Paul Duffy, and Paul

Hansmeier (Doc. 65).   The Court's order granting Mr. Smith attorney fees was entered on

October 30, 2013 (Doc. 65).   The very next day, Paul Hansmeier filed a motion to vacate, or in the

alternative reconsider, the order (Docs. 66, 67) arguing that he should not be liable for Smith's

attorney fees.   John Steele and Paul Duffy then filed similar motions on November 4, 2013 (Docs.

68, 69), and November 7, 2013 (Docs. 74, 75), respectively.   Defendant Anthony Smith filed a

response in opposition to Duffy, Hansmeier, and Steele's motions (Doc. 92).

    After the Court granted Smith's request for fees and costs, Defendants ComCast and

AT&T then filed motions also requesting fees and costs (Docs. 78, 82).   Hansmeier filed a

response in opposition to ComCast and AT&T's motions (Doc. 86), as did Steele (Doc. 88).

Smith filed a reply to Hansmeier and Steele's responses (Doc. 93).

    A hearing was held on November 13, 2013 on all of the above motions (Doc. 70).   Duffy

and Steele appeared at the hearing in person, and Hansmeier appeared by phone (Doc. 96).

## DISCUSSION

## I.   MOTIONS TO VACATE, OR IN THE ALTERNATIVE RECONSIDER ORDER GRANTING ATTORNEY FEES TO DEFENDANT ANTHONY SMITH

    The Court will first address the motions to vacate, or in the alternative, reconsider its order

granting fees and costs to Anthony Smith under 28 U.S.C. § 1927 filed by Plaintiff's current

attorney of record, Paul Duffy, and former attorneys of record, Paul Hansmeier and John Steele

(Docs. 66, 68, 74).   Because the motions fail to state any grounds warranting relief under Rule

60(b), the motions to vacate or reconsider are denied.

### A.  Legal Standard

Technically, a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure.   But such motions are routinely filed, and they are generally treated as motions to alter or amend judgment under Rule 59(e), or motions for relief from a judgment or order under Rule 60(b).   *See e.g.*, *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994).   At issue here is the Court's order granting Smith's request for attorney fees (Doc. 65), which is only an interim order because the Court has not yet determined the amount of attorney fees that Smith is entitled to.   *Midlock v. Apple Vacations W., Inc.*, 406 F.3d 453, 456 (7th Cir. 2005).   Since the order is not a final order and no judgment has been entered, Rule 59(e) is not applicable.   Therefore, the motions filed by Duffy, Hansmeier, and Steele must be evaluated under Rule 60(b).

"Relief under Rule 60(b) is an extraordinary remedy that is to be granted only in exceptional circumstances." *Talano v. N.W. Med. Faculty Found., Inc.,* 273 F.3d 757, 762 (7th Cir. 2001).   Rule 60(b) permits a court to grant relief based on one of six specific grounds listed in the rule.   *Talano*, 273 F.3d at 762; FED. R. CIV. P. 60(b).   The request for relief "must be shaped to the specific grounds . . . listed in Rule 60(b)—they cannot be general pleas for relief." *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992).

### B.  Paul Duffy's Motion to Vacate or Reconsider (Doc. 74)

The Court turns first to Duffy's motion to vacate or reconsider because it can be easily dismissed as he does not state a proper legal basis for relief under Rule 60(b).   In his motion, Duffy argues that the Court should reconsider its order granting attorney fees to Anthony Smith because he took only "five discrete actions" in this matter, none of which multiplied the proceedings or were unreasonable or vexatious (Doc. 75).   In the alternative, if Duffy's actions

were sanctionable, Smith failed to identify any "excess" expenses directly traceable to Duffy's actions (Doc. 75).

Duffy's motion is not based on any of the grounds specified in Rule 60(b). Instead, Duffy merely takes umbrage with the Court's analysis of the evidence and its ruling, and rehashes old arguments that he made and the Court denied in his response to Anthony Smith's motion for attorney fees (*Compare* Doc. 63 *with* Docs. 74, 75). Neither of these things warrants relief under Rule 60(b). *Karraker v. Rent–A–Center, Inc.,* 411 F.3d 831, 837 (7th Cir. 2005) (Rule 60(b) motion is not the time to rehash previously rejected arguments); *Russell v. Delco Remy Div. of General Motors Corp.,* 51 F.3d 746, 749 (7th Cir. 1995) (Rule 60 "was designed to address mistakes attributable to special circumstances and not merely to erroneous applications of law.")

Because Duffy's motion fails to state any grounds for relief within the scope of Rule 60(b), his motion to vacate or reconsider (Doc. 74) is **DENIED**.

### C. Paul Hansmeier and John Steele's Motions to Vacate or Reconsider (Docs. 66, 68)

The Court next turns to the motions to vacate or reconsider filed by Hansmeier and Steele. These motions can be considered in tandem because they are largely identical. Like Duffy, Hansmeier and Steele argue that that the Court should reconsider its order granting attorney fees to Anthony Smith because they took only a small number of "discrete actions" in this matter, none of which multiplied the proceedings or were unreasonable or vexatious (Docs. 67, 69). As previously stated, these arguments do not translate into a legal basis warranting relief under Rule 60(b).

Hansmeier and Steele also argue that the Court should vacate its order because it imposed

sanctions on them without giving them notice or an opportunity to be heard in violation of their

right to due process (Docs. 67, 69).   Specifically, they claim that they were not apprised of

Smith's motion for attorney fees until after the District Court had entered its order imposing

sanctions on October 30, 2013 because Smith failed to serve them.   Smith's motion for attorney

fees was electronically filed on April 5, 2013, and the CM/ECF system sent notice to all attorneys

of record (Doc. 61).   Hansmeier and Steele claim that since they were no longer attorneys of

record (*See* Doc.s 56, 58), they did not receive the notice (Doc. 67, 69).

"[T]he requirements of due process of law are applicable to a proceeding to impose

sanctions, entitling a party or attorney to notice and opportunity to respond[.]"   *Kapco Mfg. Co.,*

*Inc. v. C & O Enterprises, Inc.*, 886 F.2d 1485, 1494 (7th Cir. 1989).   Despite their protestations,

the Court finds that Hansmeier and Steele both received all the process they were due.

First and foremost, Steele's claim that he never got notice of Smith's motion for fees is

baseless.   A review of CM/ECF records reveals that notice of Smith's motion for attorney fees

(Doc. 61) went to numerous email addresses, including: docket@wefightpiracy.com—an email

address used by both Steele and Paul Duffy.[1]   Therefore, it is irrefutable that Steele had actual

notice of Smith's motion for attorney fees prior to the Court's order granting the motion.

Second, Smith served Paul Duffy, Plaintiff's lead attorney, with his motion for attorney

fees; and service on Duffy was effective for all of Plaintiff's counsel, past and present, including

Steele and Hansmeier.   Rule 5 does not require motions to be served on all counsel of record, but

merely requires that the pleadings be served on all parties.   *See* Fed. R. Civ. P. 5(a)(1).

Furthermore, service is not required on each of several counsel appearing on behalf of a party.

---

[1] Prior to his termination as counsel for Plaintiff, Steele received electronic notices from the CM/ECF system at three email addresses: (1) jlsteele@wefightpiracy.com, (2) docket@wefightpiracy.com, and (3) nawersal@wefightpiracy.com (*See, e.g.*, Doc. 57).   He now receives electronic notices at johnlsteele33140@gmail.com (Doc. 88).

*Daniel Int'l Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1063 (5th Cir. 1990). "Service upon one, but not all, of its counsel is effective service." *Id.* (serving "local" counsel and not "lead" counsel complied with Rule 5 because the Rule does not "require service on each of several counsel appearing on behalf of a party"); *Buchanan v. Sherrill*, 51 F.3d 227, 228 (10th Cir. 1995) (serving motion for summary judgment only on plaintiff's attorney who had recently entered an appearance and not on attorney who had represented plaintiff from the outset complied with Rule 5 because the rule does not require service on both attorneys of record).

Here, Smith served his motion for attorney fees on Duffy, and that is all he was required to do. He did not have to also personally serve Steele and Hansmeier. This is particularly true since Duffy, Steele, and Hansmeier are all associated with the same law firm: Prenda Law, Inc. The docket sheet indicates Paul Duffy's firm is Prenda Law; Steele listed his firm as Prenda Law on his entry of appearance and his motion to withdraw (Docs. 20, 57); and Hansmeier indicated that he was "of counsel" to Prenda Law, Inc. (Doc. 50). The Court also takes judicial notice that Steele submitted a declaration in the Central District of California swearing that he was "of counsel with the law firm, Prenda Law, Inc." and that Hansmeier was "also of counsel to the firm." *Ingenuity 13 LLC v. John Doe*, Case No. 12-cv-8333-ODW (C.D. Cal. March 8, 2013), ECF No. 83).

Aside from being from the same firm, there is other evidence suggesting these three men worked in concert with one another. First, Duffy, Steele, and Hansmeier used each other's CM/ECF login information, and/or filed documents on behalf of one another. For example, both Steele and Hansmeier used Duffy's CM/ECF login information to enter their appearances, or Duffy attempted to do so for them (*See* Doc. 11, 15); Hansmeier also used Steele's CM/ECF login

information to file his motion to continue, or Steele filed it on Hansmeier's behalf (Doc. 73). Second, the similarities in documents filed by Duffy, Steele, and Hansmeier indicate an ongoing relationship.   For example, in the instant motions to vacate/reconsider, the three men use identical formatting from the caption, to the font, and the signature block, and the substance is largely the same (*Compare* Docs. 66, 67, 67-1 *with* Docs. 68, 68-1, 68-2, 69 *with* Docs. 74, 75).   Third, the Court takes judicial notice that several other federal courts have found Duffy, Steele, and Hansmeier to be in cahoots.   Most notably, Judge Otis Wright in the Central District of California found that Steele, Hansmeier, and Duffy were "starving attorneys" with "shattered law practices" who conspired to use copyright laws to "plunder the citizenry," and he adopted into his findings a chart showing the relationship between these men and others associated with Prenda Law. *Ingenuity 13 LLC v. John Doe*, Case No. 12-cv-8333-ODW, 2013 WL 1898633, at *1–*2, *5 (C.D. Cal. May 6, 2013).   *See also AF Holdings, LLC v. John Doe(s)*, Case No. 12-cv-1445-JNE-FLN, (D. Minn. November 6, 2013), ECF No. 67 (noting Judge Wright's findings, but stating "[i]t would not be a wise use of the Court's limited resources to *sua sponte* attempt to fully untangle the relationship between Hansmeier, Steele, Duffy, [and others]"); *AF Holdings, LLC v. Navasca*, Case No. 12-cv-02396-EMC, 2013 WL 5701104, at *2 (N.D. Cal. Oct. 16, 2013) (adopting Judge Wright's findings with respect to AF Holdings, Steele, and Hansmeier's "alter ego relationship, their conduct, and their business model"); *AF Holdings, LLC v. Chowdhury*, Case No. 12-cv-12105-JLT (D. Mass. October 22, 2013), ECF No. 34 (finding AF Holdings, LLC was "an alias of its counsel, Prenda Law, Inc., its principals, attorneys John L. Steele, Paul A. Duffy, and Paul R. Hansmeier, and its paralegal, Mark Lutz").

   Based on this information, the Court has no doubt that Duffy, Steele, and Hansmeier are

closely associated and acted in concert to file and prosecute this frivolous lawsuit.  Therefore, Smith's service on Duffy was also effective for Steele and Hansmeier.  As such, Steel and Hansmeier had adequate notice of Smith's motion, and the deadline for response papers, but chose to disregard it.

However, assuming arguendo that Steele and Hansmeier did not have notice or an opportunity to be heard before the Court imposed sanctions, the due process violation was subsequently cured when the Court reheard the issue on November 13 at Steele and Hansmeier's request.   Steele and Hansmeier had ample notice of the November 13 hearing, and they knew that they could sanctioned and ordered to pay Anthony Smith's attorney fees.   The written briefs that Steele and Hansmeier filed in advance of that hearing, and the statements they made at the hearing itself gave them the opportunity to confront the Court's belief that they had engaged in sanctionable conduct and to try to convince the Court that they should not be sanctioned.   "So it was essentially a no-harm, no-foul situation because, generally speaking, 'procedural errors are cured by holding a new hearing in compliance with due process requirements.'"   *In re Hancock*, 192 F.3d 1083, 1086 (7th Cir. 1999), *quoting Batanic v. Immigration and Naturalization Service*, 12 F.3d 662, 667 (7th Cir. 1993) (holding imposition of sanctions was a deprivation of due process, however said deprivation was cured when the court stayed the sanctions order and scheduled another hearing).  *See also Wright v. CompGeeks.com*, 429 F. App'x 693, 698 (10th Cir. 2011); *Powell v. Cadwell*, 42 F. App'x 821, 822 (7th Cir. 2002); *In re Rimsat, Ltd.*, 212 F.3d 1039, 1044 (7th Cir. 2000).

Because Hansmeier and Steele's motions fail to state any grounds for relief within the scope of Rule 60(b), and they were not deprived of due process with respect to the imposition of

sanctions, their motions to vacate or reconsider (Docs. 66, 68) are **DENIED**.

## II.  MOTIONS FOR ATTORNEY FEES

The Court will next address the motions for attorney fees and costs under § 1927 filed by Defendants ComCast and AT&T (Docs. 78, 82).   Under 28 U.S.C. §1927, "any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  28 U.S.C. § 1927.   The purpose of § 1927 "is to deter frivolous litigation and abusive practices by attorneys, and to ensure that those who create unnecessary costs also bear them."  *Kapco Mfg. Co., Inc. v. C & O Enterprises, Inc.*, 886 F.2d 1485, 1491 (7th Cir. 1989) (internal citations omitted).   While there is no catch-all definition for either 'unreasonably' or 'vexatiously,' the Seventh Circuit has upheld sanctions under this statute when counsel acted recklessly, raised baseless claims despite notice of the frivolous nature of these claims, or otherwise showed indifference to statutes, rules, or court orders.  *Jolly Grp., Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir. 2006); *Kotsilieris v. Chalmers,* 966 F.2d 1181, 1184 (7th Cir. 1992).

ComCast and AT&T argue that fees are appropriate here because Plaintiff raised baseless claims against them, despite knowledge those claims were frivolous, in an effort to obtain the discovery that the Illinois Supreme Court had previously thwarted (Docs. 78, 82).   Furthermore, Plaintiff continued to advance its baseless claims until the Court ruled that no discovery would be forthcoming until the motions to dismiss filed by Defendants were ruled on (Docs. 78, 82).  Rather than waiting for the Court's ruling, however, Plaintiff dismissed all of its claims (Docs. 78, 82).

The  Court  agrees  with  ComCast  and  AT&T.   By  naming  ComCast  and  AT&T  as

Defendants without any valid claims in an attempt to make an end run around the Illinois Supreme Court's denial of discovery, Plaintiff unreasonably and vexatiously multiplied the proceedings in this matter.   Namely, Defendants' attorneys were forced to respond to and appear for a hearing on Plaintiff's emergency motion for expedited discovery, to file various motions to dismiss, to appear for a scheduling and discovery conference, and to file a motion to stay discovery.

The Court also finds that Duffy, Hansmeier, and Steele exhibited a "serious and studied disregard for the orderly process of justice." *Jolly Grp., Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir. 2006), *quoting Pacific Dunlop Holdings, Inc. v. Barosh,* 22 F.3d 113, 119 (7th Cir. 1994).   These men have shown a relentless willingness to lie to the Court on paper and in person, despite being on notice that they were facing sanctions in this Court, being sanctioned by other courts,[2] and being referred to state and federal bars,[3] the United States Attorney in at least two districts,[4] one state Attorney General,[5] and the Internal Revenue Service.[6]   For example, at the November 13 hearing, Hansmeier skirted the Court's direct questions, Steele made feigned protestations, and both flat-out lied about their association with Prenda Law, Inc. in the face of

---

[2] *AF Holdings, LLC v. John Doe(s)*, Case No. 12-cv-1445-JNE-FLN, (D. Minn. November 6, 2013), ECF No. 67 (ordering AF Holdings and Prenda Law to repay settlement money and all attorney fees and costs incurred by defendants); *Ingenuity 13 LLC v. John Doe*, Case No. 12-cv-8333-ODW, 2013 WL 1898633, at *5–6 (C.D. Cal. May 6, 2013) (jointly and severally liable for defendant's attorney fees and costs in the amount of $81, 319.72); *AF Holdings, LLC v. Chowdhury*, Case No. 12-cv-12105-JLT (D. Mass. October 22, 2013), ECF No. 34 (jointly and severally liable for defendant's in the amount of $21,393.60, with fees and costs trebled for a total judgment of $64,180.80).
[3] *AF Holdings, LLC v. John Doe(s)*, Case No. 12-cv-1445-JNE-FLN, (D. Minn. November 6, 2013), ECF No. 67; *Ingenuity 13 LLC v. John Doe*, Case No. 12-cv-8333-ODW, 2013 WL 1898633, at *5 (C.D. Cal. May 6, 2013)
[4] *AF Holdings, LLC v. John Doe(s)*, Case No. 12-cv-1445-JNE-FLN, (D. Minn. November 6, 2013), ECF No. 67; *Ingenuity 13 LLC v. John Doe*, Case No. 12-cv-8333-ODW, 2013 WL 1898633, at *5 (C.D. Cal. May 6, 2013)
[5] *AF Holdings, LLC v. John Doe(s)*, Case No. 12-cv-1445-JNE-FLN, (D. Minn. November 6, 2013), ECF No. 67
[6] *Ingenuity 13 LLC v. John Doe*, Case No. 12-cv-8333-ODW, 2013 WL 1898633, at *5 (C.D. Cal. May 6, 2013)

documentary evidence on the record in this case, and their sworn declarations in other cases.[7]

Accordingly, the imposition of attorneys' fees under § 1927 is appropriate here—from the inception of the claims through the present.   *See Overnite Transp. Co. v. Chi. Indus. Tire Co.,* 697 F.2d 789, 794 (7th Cir.1983) (§ 1927 can reach the filing of the complaint where the lawsuit was legally meritless from the outset, and counsel should have known that it was); *Kotsilieris v. Chalmers,* 966 F.2d 1181, 1184–85 (7th Cir. 1992) (§ 1927 sanctions appropriate where counsel pursued baseless claim despite receiving notice that claims were frivolous).

## III.   ITEMIZATIONS OF FEES AND COSTS

For the reasons stated above, and in accordance with the Court's previous order (Doc. 65), Defendants have been awarded reasonable attorney fees and costs under 28 U.S.C. § 1927 for all time expended from the filing of the amended complaint and the removal of the case to federal court in August 2012.

Anthony Smith seeks a total of $72,367.00 in attorney fees and costs (Doc. 90).   This total includes $72,150.40 in attorney fees for 187.2 hours of work done by Smith's attorneys from the time Smith was served with summons in August 2012 through May 2013 (Doc. 90-1).   The hours were billed at a rate of $409.00 per hour for partners Dan Booth and Jason Sweet and $200.00 per hour for (Doc. 90-1).   This total also includes $216.20 in costs (Doc. 90-1).

SBC Internet Services, Inc. d/b/a AT&T Internet Services ("AT&T") seeks a total of $119,637.05 in attorney fees and costs (Doc. 97).   This total includes $870.29 in costs and $38,987.83 in attorney fees for the law firm of Hepler Broom for approximately 158.7 hours of

---

[7] Steele submitted a declaration in the Central District of California swearing that he was "of counsel with the law firm, Prenda Law, Inc." and that Hansmeier was "also of counsel to the firm." *Ingenuity 13 LLC v. John Doe*, Case No. 12-cv-8333-ODW (C.D. Cal. March 8, 2013), ECF No. 83).

work from the time the case was removed to federal court in August 2012 through November 2013 (Doc. 97-1).   The hours were billed at various billing rates ranging from $295.00 to $110.00 per hour (Doc. 97-1).   The total sought by AT&T also includes $864.92 in costs and $80,524.50 in attorney fees for the law firm of Locke Lord, LLP for approximately 215 hours of work from the time the case was removed to federal court in August 2012 through November 2013(Doc. 97-2). The hours were billed at various billing rates ranging from $250 to $555 per hour (Doc. 97-2).

ComCast Cable Communications, LLC seeks a total of $69,021.26 in attorney fees and costs (Doc. 98).   This total includes $806.98 in costs and $57,144.28 in attorney fees for the law firm of Davis Wright Tremaine, LLP ("DWT") for approximately 132 hours of work from the time the case was removed to federal court in August 2012 through April 2013 (Doc. 98-1).   The hours were billed at various billing rates ranging from $531.00 to $212.50 per hour (Doc. 98-1).   This total also includes $11,070.00 in attorney fees for the law firm of Lashley & Baer, P.C. for 36.9 hours of work at a billing rate of $300.00 per hour (Doc. 98-2).

The Court notes that Paul Duffy, Paul Hansmeier, and John Steele had an opportunity to respond, and did respond, to Smith, AT&T, and ComCast's general requests for fees and costs (Docs. 63, 66, 68, 74, 86).   Duffy, Hansmeier, and Steele have not filed responses to the specific itemizations, but having reviewed the itemizations and declarations in support thereof, the Court finds a response is not necessary because no further information is required for this ruling.

After carefully considering the itemizations of fees and costs and the declarations in support thereof submitted by the attorneys for Smith, AT&T, and ComCast, the Court finds the time spent and the amounts charged by Smith, AT&T, and ComCast to be reasonable.   The Court has also carefully considered the interrelationship between Duffy, Hansmeier, and Steele.   The

Court finds, that these men acted in concert throughout the entirety of the proceedings in this matter, share total responsibility for their actions, and are jointly and severally liable for the fees and costs of Defendants.

## CONCLUSION

The motions to vacate, or in the alternative, to reconsider the order granting Anthony Smith's motion for attorney fees filed by Paul Duffy (Doc. 74), Paul Hansmeier (Doc. 66), and John Steele (Doc. 68) are **DENIED.**

The motions for attorney fees and costs filed by Defendants ComCast Cable Communications, LLC (Doc. 78) and SBC Internet Services, Inc. d/b/a AT&T Internet Services (Doc. 82) are **GRANTED**.

It is **ORDERED** that pursuant to 28 U.S.C § 1927, Paul Duffy, Paul Hansmeier, and John Steele are jointly and severally liable, and shall pay within 14 days of this order, attorney fees and costs to Defendant Anthony Smith in the amount of $72,367.00, to AT&T in the amount of $119,637.05, and to ComCast in the amount of $69,021.26 for a total judgment of $261,025.11, with interest as provided by law.

**IT IS SO ORDERED.**

DATED: November 27, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LIGHTSPEED MEDIA CORP.,

 Plaintiff,

vs.        No. 3:12-cv-889-DRH-SCW

ANTHONY SMITH, et al.,

 Defendants.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

 This matter is before the Court on Defendants Anthony Smith ("Smith"), Comcast Cable Communications LLC and Comcast Corporate Representative #1 (together, "Comcast"), and SBC Internet Services, Inc. d/b/a AT&T Internet Services' ("AT&T") (collectively "defendants") joint motion for contempt, or in the alternative, for an order to plaintiff's counsel to show cause why they each should not be held in contempt (Doc. 107). Plaintiff's counsel Paul Duffy ("Duffy") and Paul Hansmeier ("Hansmeier") responded (Docs. 111, 113). At the direction of the Court (Docs. 112, 117), defendants filed a reply (Doc. 119). On February 13, 2014, the Court held a hearing on the issues (Doc. 123). For the following reasons, the defendants' motion will be **GRANTED.**

## I. Background

 On December 14, 2011, Lightspeed Media Corporation ("Lightspeed") filed suit in the Circuit Court of the Twentieth Judicial District in St. Clair County.

Page **1** of **13**

Lightspeed owns or operates one or more paid-subscription adult entertainment websites.   In its first complaint, Lightspeed alleged that John Doe and more than 6,600 "co-conspirators" had gained unauthorized access to its website.   On December 16, 2011, the circuit court granted an *ex parte* motion for leave to obtain discovery by subpoena, from dozens of Internet Service Providers ("ISPs"), of information personally identifying the defendants.   AT&T and Comcast subsequently filed motions to quash the subpoenas and/or for a protective order. On May 22, 2013, the Illinois Supreme Court directed the circuit court to vacate its order denying the motion to quash.

On August 3, 2012, Lightspeed filed an amended complaint.   Lightspeed contended that Smith accessed content from Lightspeed's password-protected websites without authorization.   Lightspeed asserted that AT&T and Comcast improperly opposed Lightspeed's discovery, failed to act to protect Lightspeed's websites, and conspired with their customers to Lightspeed's detriment. Specifically, Lightspeed alleged 10 Counts: Computer Fraud and Abuse (Count I), Conversion (Count II), Unjust Enrichment (Count III), Unjust Enrichment (Count IV), Count V (Breach of Contract), Civil Conspiracy (Count VI), Civil Conspiracy (Count VII), Illinois Consumer Fraud and Deceptive Practices Act (Count VIII), Aiding and Abetting (Count X).   AT&T removed this action to federal court on August 9, 2012.

Plaintiff thereafter filed an emergency motion for Discovery prior to the Rule 26(f) Conference (Doc. 9) requesting the ISP information.   Judge G. Patrick

Murphy held a hearing on the issue and denied the motion (Doc. 23).   Defendants each filed motions to dismiss (Docs. 26, 28, 36).   Prior to the resolution of the motions to dismiss, Lightspeed entered a notice of voluntary dismissal on March 21, 2013.   Defendants subsequently moved for attorney's fees pursuant to 28 U.S.C. § 1927 (Docs. 61, 78, 82).   Judge Murphy granted Defendant Smith's motion (Doc. 65) and counsel (Duffy, Hansmeier, and John Steele ("Steele")) sought reconsideration of that order (Docs. 66, 68, 74).   On November 13, 2013, Judge Murphy held a hearing on the motions for reconsideration and the motions for attorney's fees by ComCast and AT&T (Doc. 96) in which he deferred ruling.

On November 27, 2013, Judge Murphy denied the motions to vacate, or in the alternative, reconsider the order granting Smith's motion for attorney fees, granted ComCast's and AT&T's motions for attorney's fees, and ordered that pursuant to 28 U.S.C. § 1927, Duffy, Hansmeier, and Steele are jointly and severally liable, and shall pay within 14 days of the order (December 11, 2013), attorney fees and costs to Smith in the amount of $72,367.00, to AT&T in the amount of $119,637.05, and to ComCast in the amount of $69,021.26 for a total judgment of $261,00252.11 with interest as provided by law (Doc. 100).   Duffy, Hansmeier, and Steele filed a notice of Appeal on December 12, 2013.

On December 27, 2013, defendants filed a joint motion for contempt, or in the alternative, for an order to plaintiffs' counsel to show cause why they each should not be held in contempt (Doc. 107).   Plaintiff's counsel Duffy and Hansmeier responded (Doc. 111, 113), Steele filed a motion to stay the sanction's

order (Doc. 114), and, at the direction of the Court (Docs. 112, 118), defendants filed a reply (Doc. 119).

Defendants request 1) an order holding in contempt plaintiffs' counsel Steele, Duffy, and Hansmeier or, in the alternative, 2) an order requiring Duffy, Hansmeier and Steele to show cause why they should not each be held in contempt for their failure to timely comply with the fee order.   In their reply, defendants focus on the contempt.   They specifically request that this Court hold Duffy, Hansmeier and Steele in contempt of Court, and also order them to pay the defendants attorneys' fees incurred in seeking this finding of contempt, along with interest and additional daily fines for each day the sanctioned attorneys fail to make any and all payment(s) ordered.

Plaintiff's counsels' responses assert three points: (1) defendants have not submitted any evidence regarding compliance (Doc. 113 at 2), (2) the order is a money judgment and therefore not properly enforceable through contempt proceedings (Doc. 111 at 3-5; Doc. 113 at 2-4), and (3) defendants have otherwise failed to establish the elements of civil contempt (Doc. 111 at 5-6).   Hansmeier further asserts that in the alternative, the Court should grant plaintiff's counsel leave to seek a stay of the November 27, 2013 order (Doc. 113 at 4-6).

The Court held a hearing on defendants' motion for contempt on February 13, 2014 (Doc. 124).   During the proceedings, plaintiff's counsel admitted on the record to noncompliance, each stating that they had not paid the sanction amount to defendants or otherwise sought a supersedeas bond.   The Court also addressed

plaintiff's counsels' argument that the Court should consider the sanctions order as a money judgment, concluding that the Court's order was not a money judgment but instead a sanctions order. The Court deferred ruling on the motion for contempt and directed plaintiff's counsel to file asset statements from a certified public accountant on or before February 24, 2014. The Court also considered Steele's motion to stay (Doc. 114) and heard arguments from the parties. The Court denied Steele's motion to stay on the record and addressed and similarly dismissed Hansmeier's stay request (Doc. 124).

## II.   <u>Analysis</u>

### A.   **Civil Contempt**

Federal courts have both inherent and statutory authority to punish for contempt and to coerce compliance with their orders. *International Union, UMWA v. Bagwell*, 512 U.S. 821, 831-833 (1994). To prevail on a request for a contempt finding, the moving party must establish by clear and convincing evidence that: (1) a court order sets forth an unambiguous command; (2) the alleged contemnor violated that command; (3) the violation was significant, meaning the alleged contemnor did not substantially comply with the order; and (4) the alleged contemnor failed to make a reasonable and diligent effort to comply. *S.E.C. v. Hyatt*, 621 F.3d 687, 692 (7th Cir. 2010).

There is no debate as to whether plaintiff's counsel significantly violated Judge Murphy's November 27, 2013 order (hereinafter "Sanctions Order"). As previously indicated, plaintiff's counsel has not made a single payment.

Furthermore, Duffy, Hansmeier, and Steele failed to make a reasonable and diligent effort to comply with the Sanctions Order.   While Steele filed a motion to stay the Sanctions Order, this motion was not accompanied by a supersedeas bond and was filed untimely.   *See* Fed. R. Civ. P. 62(d).

The key issue here is whether the Sanctions Order was "an unambiguous command."   Plaintiff's counsel asserted that the Sanctions Order is a money judgment, not an equitable decree.   At the show cause hearing, the Court held that the Sanctions Order was an equitable decree, specifically a sanctions order. However, plaintiff's counsel argues that this confusion is the primary reason they did not comply with the Sanctions Order.   The Court finds this argument disingenuous.   Seventh Circuit case law is quite clear.   *See Cleveland Hair Clinic, Inc. v. Puig*, 106 F.3d 165, 166 (7th Cir. 1997) ("Use of contempt power is an appropriate way to enforce a sanction for misconduct, which is not an ordinary money judgment.")   Furthermore, if plaintiff's counsel was confused, they could have filed a motion to clarify with Judge Murphy.

**B.     Inability to Pay**

At the show cause hearing, plaintiff's counsel emphatically indicated an inability to pay.   Specifically, "I can't pay what I don't have" (Show Cause Hr'g Tr. 22:16-17 (Hansmeier)).   Also, "[I]t's extremely important because if the Court issues sanction order for, I don't know, a billion dollars, we can't pay it.   And I don't believe that there's any case law to establish that – there's not a debtor's prison.   I mean if we can't pay it, we can't pay it" (Show Cause Hr'g Tr. 19:10-15

(Steele)).   Plaintiff's counsel again pointed to their confusion over the nature of the Sanctions Order as the reason why they had not yet supplied the Court with their financial information.   The Court therefore directed plaintiff's counsel to provide asset statements prepared by a certified public accountant on or before February 24, 2014.   Plaintiff's counsel timely submitted financial condition statements to the Court *in camera*.

"Inability to pay is a valid defense in a contempt proceeding, but the party raising the defense has the burden of proving its inability to pay." *In re Re. Tech. Corp.*, 624 F.3d 376, 387 (7th Cir. 2010) (citing *United States v. Rylander*, 460 U.S. 752, 757 (1983)).   In the case where there has been no attempt to comply with the Court's order, plaintiff's counsel must show a "complete inability to pay." *Id.* Plaintiff's counsel, "stated differently, . . . [has] the burden of establishing clearly, *plainly*, and *unmistakably* that compliance is *impossible*." *Id.* (internal citations and quotations omitted) (emphasis in original).

The Court finds that plaintiff's counsel has not met its burden.   They submitted incomplete, and to say the least suspicious, statements of financial condition.   Attached to each statement was a letter from their certified public accountant ("CPA").   In these letters, the CPA indicates a departure from generally accepted accounting principles.   He further notes that plaintiff's counsel elected to omit substantially all of the disclosures required by generally accepted accounting principles.   The Court finds these statements insufficient to establish plaintiff's counsel's inability to pay.

Plaintiff's counsel significantly violated an unambiguous order of the Court. They also failed meet their burden regarding their inability to pay defense. Accordingly, the Court finds plaintiff's counsel Paul Duffy, Paul Hansmeier, and John Steele in civil contempt and defendants' joint motion for contempt (Doc. 107) is **GRANTED.**

## C.    Civil Contempt Sanction

"Sanctions for civil contempt are designed either to compel the contemnor into compliance with an existing court order or to compensate the complainant for losses sustained as a result of the contumacy."   *U.S. v. Dowell*, 257 F.3d 694, 699 (7th Cir. 2001).   Remedial sanctions compensate the complainant for his losses caused by the contemptuous conduct.   *Id.*   Coercive sanctions aim to coerce the contemnor's compliance with a court order.   *Id.*   A coercive sanction must afford the contemnor the opportunity to "purge", to avoid punishment by complying with the order.   *Id.*   The factors to be considered by the court in imposing a civil contempt sanction include: (1) Harm from noncompliance, (2) Probable effectiveness of the sanction, (3) Contemnor's financial resources and the burden the sanctions may impose; and (4) Contemnor's willfulness in disregarding the court's order.   *United States v. United Mine Workers of America,* 330 U.S. 258, 303-304 (1947).

The Court must "consider the character and magnitude of the harm threatened by continued contumacy . . . ."   *Id.* at 304.   As to the character of the harm, the Court finds that plaintiff's counsel *wilfully* violated the Sanctions Order.

Plaintiff's attorneys have made no effort to comply.   In fact, until defendants filed the current contempt motion, plaintiff's counsel had not addressed the Court regarding the Sanctions Order, merely filing a notice of appeal.   While a violation need not be willful for the Court to impose civil contempt sanctions, willfulness inherent in the contemptuous act is a major consideration in determining the appropriate sanctions.   *McComb v. Jacksonville Paper Co.,* 336 U.S. 187, 191 (1949) ("The absence of willfulness does not relieve from civil contempt"); *Weitzman v. Stein*, 98 F.3d 717, 719 (2d Cir. 1996); *Stotler and Co. v. Able*, 870 F.2d 1158, 1163 (7th Cir. 1989); *In re Federal Facilities Reality Trust,* 227 F.2d 657, 658 (7th Cir. 1955).

The Court also finds the magnitude of harm significant.   As indicated in the Sanctions Order, this case is "baseless" (Doc. 100 at 9).   Judge Murphy ordered sanctions for attorney's fees and costs because plaintiff "unreasonably and vexatiously multiplied the proceedings in this matter" (Doc. 100 at 10).   Plaintiff's counsel's failure to address the Sanctions Order further multiplies the proceedings. Not only is the magnitude of the harm significant in financial terms for the defendant in added attorney's fees and costs of the contempt motion but also in regards to the integrity of the Court.   The Court again notes that plaintiff's counsel made no effort to comply with the order to address the Court.   Also, the Court cannot ignore the behavior of plaintiff's counsel before the undersigned at the show cause hearing.   While the Court was unable to nail down any specific lies due, in significant   part,   to   plaintiff's   counsel   excellent   "attorney   speak",   the

misrepresentations and half-truths presented indicate plaintiff's counsel's clear disrespect of the Court.[1]   Furthermore, as the Court indicated at the hearing in regards to Steele's motion to stay, "[W]ith respect to talking about the community, the community has to worry about lawyers who file unreasonable and vexatious claims.   That's where the harm to the community is . . . .   The community is worried about lawyers, worried about lawyers that file these kind[s] of lawsuits. So if, in fact, Judge Murphy is right – and for the time being until the Seventh Circuit says something differently, I have to assume he is – the community is worried about guys like you" (Show Cause Hr'g Tr. 38:6-15).

The Court is also directed to review plaintiff's counsel's financial resources. *United Mine Workers of Am.*, 330 U.S. at 304 ("[A] court which has returned a conviction for contempt must, in fixing the amount of a fine to be imposed . . . as a means of securing future compliance, consider the amount of [the party's] financial resources and the consequent seriousness of the burden to that particular [party].") As previously discussed, the Court has taken into consideration plaintiff's counsel's

---

[1] For example, in the show cause hearing, the parties addressed plaintiff's counsel's financial means.   The Court specifically asked why plaintiff's counsel had not yet submitted their financial information to the Court.   Hansmeier indicated that he had not provided this information as of yet because they were unsure as to whether the Court was going to rule the order a sanction's order or a money judgment.   Again, Hansmeier indicated "I can't pay what I don't have."   Bart Huffman, Attorney for AT&T, then indicated that plaintiff's counsel had mentioned that they have made millions of dollars.   Steele objected to this characterization, and asked Mr. Huffman to indicate where he would have publically touted making millions of dollars.   Mr. Huffman responded that he believed there was an article in FORBES. To which Mr. Steele responded, "No, absolutely, I never did, and I resent being told that I've said something that's not true.   If Mr. Huffman would like to present something that I personally made money of a certain amount, feel free, but it will never come, Your Honor" (Show Cause Hr'g Tr. 23:16-20).   After a quick Google search, the Court quickly comes across the following article: Kashmir Hill, *How Porn Copyright Lawyer John Steele Has Made A 'Few Million Dollars' Pursuing (Sometimes Innocent) 'Porn Pirates,"* FORBES, Oct. 15, 2012, *available at* http://www.forbes.com/sites/kashmirhill/2012/10/15/how-porn-copyright-lawyer-john-steele-justifies-his-pursuit-of-sometimes-innocent-porn-pirates/.   Therein, Mr. Steele states in response to the article's author suggestion that he has made $15 million settling these suits, "Maybe a little less. We don't track the amount we've recovered.   More than a few million."   The Court notes that while it is true this is not a "certain amount", it is disingenuous to imply destitution given the statement and, at the very least, the Court deserved a full, truthful explanation of the statement.

ability to pay.   The Court also now takes judicial notice of the same attorneys'
ability to post a $101,650.00 supersedeas bond, Supersedeas Undertaking for
Appeal, *Ingenuity 13 LLC v. John Doe*, No. 2:12-cv-08333-ODW-JCx (C.D. Cal.
May 23, 2013), ECF No. 174, as well as their subsequent ability to post an
additional bond in the amount of $135,933.66, Supersedeas Undertaking,
*Ingenuity 13 LLC v. John Doe*, No. 2:12-cv-08333-ODW-JCx (C.D. Cal. July 23,
2013), ECF No. 229.   Plaintiff's counsel clearly had the ability to pay in those
instances and they failed to provide the Court with the information it needed in
order to adequately make an accurate assessment regarding their current ability to
pay.

As a preliminary matter, the Court **DIRECTS** plaintiff's counsel to pay
interest on the sanction amounts pursuant to the Sanctions Order as provided by
law.   For clarification, the Court interprets this provision of the Sanctions Order as
follows.   The Court will apply the federal interest rate as contemplated in 28 U.S.C.
§ 1961, 18 U.S.C. § 3612, and 40 U.S.C. § 258(e)(1).   These sections direct the
Court to compute interest from the first day on which the defendant is liable for
interest at a rate equal to the weekly average 1-year constant maturity Treasury
yield for the calendar week preceding the first day on which the defendant is liable
for interest.   Plaintiff's counsel became liable for interest on December 11, 2013.
Therefore the .13% interest rate from the week ending December 6, 2013 will apply.
Plaintiff's counsel is responsible for the entire time period from the date of liability
to the date of compliance, including those days during which this motion was

pending.

The Court believes that both coercive and remedial sanctions are warranted in this case.   *See United Mine Workers of Am.*, 330 U.S. at 302-303; *Shakman v. Democratic Organization of Cook County*, 533 F.2d 344, 349 (7th Cir. 1976); *Dowell*, 257 F.3d at 699.   The Court has determined this to be the most effective way to ensure compliance with the Sanctions Order and to uphold the integrity of the Court.

The Court sanctions plaintiff's attorneys in the amount of 10% of the original sanction amounts equally divided among Duffy, Steele, and Hansmeier.   This sanction is to be paid to the defendants as follows: $7,236.70 to Smith, $11,963.75 to AT&T, and $6,902.13 to ComCast, for a total amount of $26,102.58.   This remedial sanction contemplates the attorney's fees and costs incurred by defendants during the course of litigating this contempt motion.   The Court acknowledges that a lodestar calculation is traditionally used.   However, requiring defense counsel to provide billing statements would most certainly cause delay and further litigation thereby negating the goals of this order and only further harming the defendants.   The previous clarification regarding interest does not apply to this sanction.

Finally, plaintiff's counsel shall comply with the Sanctions Order and this order within 7 days, on or before March 31, 2014.   Compliance is construed by the Court as follows.   Plaintiff's counsel may make payment to all of the defendants of the ordered amounts in full.   Plaintiff's counsel may also file a motion to stay and

accompanying supersedeas bond of the full amount.    Fed. R. Civ. P. 62(d).    Bonds

or payments of partial amounts will not be considered compliance with this Court's

order.    Failure to comply with this order in that timeframe shall result in a $500

per day per attorney fine for up to 30 days.    After 30 days, this amount shall

increase to $1,000 per day per attorney.

The Court notes that defendant, Smith filed a "Renewed Motion for

Contempt" on March 20, 2014, as the Court was finishing up the final draft of this

order.    The Court will consider that motion as a motion for an additional sanction

for contempt since it relates directly to representations made in Court and in the

financial statements by plaintiff's counsel.    Counsel, Steele, Duffy and Hansmeier,

shall respond to the March 20 motion, no later than April 20, 2014.    Upon

reviewing those responses, the Court will consider whether to require another

hearing and the range of sanctions that it may be considering, if any.

**IT IS SO ORDERED.**

Digitally signed
by David R.
Herndon
Date: 2014.03.24
13:04:51 -05'00'

**Chief Judge**
**United States District Court**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**LIGHTSPEED MEDIA CORP.,**

 **Plaintiff,**

**vs.**         **No.   3:12-cv-889-DRH-SCW**

**ANTHONY SMITH, et al.,**

 **Defendants.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

### I.   INTRODUCTION

This case is before the Court on Paul Hansmeier's ("Hansmeier"), petition for civil contempt as to defendant Anthony Smith ("Smith") and Smith's counsel, Jason Sweet ("Sweet") and Daniel Booth ("Booth") (collectively, "respondents") (Doc. 169 and Doc. 170). Respondents filed a responsive pleading (Doc. 176 and Doc. 177). Hansmeier replied (Doc. 178). For the reasons discussed herein, the petition is DENIED.

### II.   BACKGROUND

On May 5, 2014, Smith filed a responsive pleading ("May 5th Response") without redacting personal data identifiers on one of the attached exhibits (Doc. 163). The following day, the Court struck the May 5th Response and the attached exhibits from the record (Doc. 164). Hansmeier contends that before the subject documents were stricken from the record, they were downloaded by a member of

the public and reposted on RECAP (a publicly available and free alternative to

PACER). Although the documents are no longer available on RECAP, Hansmeier

contends that the sensitive information is now in the public domain and that certain

individuals have threatened to repost the sensitive information on another website.

As a result, Hansmeier filed the current petition for civil contempt.

Respondents state that the failure to redact the sensitive information was

inadvertent (Doc. 176 and Doc. 177). The responsive pleading included 6 exhibits

totaling 95 pages. Sweet was responsible for filing the exhibits and redacting the

same (Doc. 176-1 ¶ 2). Sweet states, in relevant part, as follows with regard to the

May 5th Response:

> The Response had ninety-five pages of exhibits. One exhibit ("Exhibit
> E") included thirteen subpoenas Smith had issued to third parties.
> Doc. 163-5. Exhibit E included properly redacted copies of a schedule
> (Schedule A) that Smith had issued with eight of his subpoenas. I
> redacted at least eighty-three personal data identifiers and financial
> account numbers from Exhibit E.
>
> Another exhibit ("Exhibit D") also included a copy of Schedule A. I
> mistakenly filed Exhibit D without redacting personal data identifiers
> on one of its pages. Specifically, by mistake, I did not redact five birth
> dates and Social Security numbers from Schedule A where it appeared
> in Exhibit D. Having already redacted Schedule A in Exhibit E of the
> Response, I erroneously believed that I had already redacted it when I
> prepared Exhibit D and I did not redact it again.
>
> I filed the Response and its exhibits on May 5, 2014 at 4:49 PM CDT
> through the ECF system and certified that I had done so. Doc. 163.
> The next morning, May 6, 2014, I became aware that I had not
> com-pletely redacted the Response. I called the Court's clerk at
> approximately 10:25 AM CDT on May 6, 2014 to inform the Court of
> the error and to determine how to rectify it. The clerk instructed me to
> file a motion to withdraw and substitute a redacted version. As I
> drafted a motion to withdraw, the Court struck and sealed the

Response of its own accord at 10:51 AM CDT, giving notice that a redacted copy needed to be refiled. Doc. 164.

(Doc. 176-1).

### III. ANALYSIS

To prevail on a request for a contempt finding, the moving party must establish by clear and convincing evidence that (1) a court order sets forth an unambiguous command; (2) the alleged contemnor violated that command; (3) the violation was significant, meaning the alleged contemnor did not substantially comply with the order; and (4) the alleged contemnor failed to make a reasonable and diligent effort to comply.

*United States SEC v. Hyatt*, 621 F.3d 687, 692 (7th Cir. 2010) (*citing Prima Tek II, L.L.C. v. Klerk's Plastic Indus., B.V.*, 525 F.3d 533, 542 (7th Cir. 2008).

In the instant case, it is undisputed that one of the three respondents violated a Court order setting forth an unambiguous command. Sweet admits that he was responsible for redacting and filing the exhibits associated with the May 5th Response. One of those exhibits, exhibit D, contained sensitive information that was not redacted. The failure to redact this sensitive information was in violation of Federal Rule of Civil Procedure 5.2(a), SDIL-LR 5.1(d), and Southern District of Illinois Amended Administrative Order No. 107.[1] However, this single, inadvertent violation does not warrant a finding of civil contempt.

Although Sweet failed to properly redact the sensitive information found in exhibit D, Sweet carefully redacted the sensitive information found in exhibit E.

---

[1] Social Security numbers and birth dates included in a document publicly filed with the Court shall be in redacted form, pursuant to Fed. R. Civ. P. 5.2(a), SDIL-LR 5.1(d), and The Court's ECF electronic filing system gives notice that compliance with those redaction rules is required.

Exhibit E required at least eighty-three individual redactions of sensitive information. Thus, despite diligent efforts to comply, a mistake was made. This single inadvertent mistake, which was cured promptly, does not establish "substantial noncompliance." In addition, there is no evidence that Sweet failed to make a reasonable and diligent effort to comply." On the contrary, Sweet's careful redactions with regard to exhibit E and the prompt action he took upon learning of his mistake as to exhibit D demonstrate a reasonable and diligent effort to comply with applicable Court rules and orders.

In light of the facts presently before the Court, the Court cannot find that respondents are in contempt of court. Accordingly, Hansmeier's petition for civil contempt is **DENIED**.

## IV.  CONCLUSION

For the aforementioned reasons, the motion for civil contempt (Doc. 169) is **DENIED.**

**IT IS SO ORDERED.**
Signed this 17th day of October, 2014.

Digitally signed by
David R. Herndon
Date: 2014.10.17
16:55:17 -05'00'

**District Judge**
**United States District Court**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LIGHTSPEED MEDIA CORP.,

     Plaintiff,

vs.                                                  No.   3:12-cv-889-DRH-SCW

ANTHONY SMITH, et al.,

     Defendants.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

### I.   INTRODUCTION

This case is before the Court on Paul Hansmeier's ("Hansmeier"), motion for sanctions and to quash (Doc. 157). Hansmeier contends that on March 24, 2014, defendant Anthony Smith ("Smith") issued third-party subpoenas without serving notice and copies to parties as required by Federal Rule of Civil Procedure 45(a)(4). Hansmeier asks the Court to order Smith to provide a sworn accounting of all of the subpoenas and related correspondence he has issued in this case. In addition, Hansmeier requests that the Court (1) quash and order the immediate withdrawal of all subpoenas issued by Smith in this action since March 1, 2014; (2) order the destruction of any information obtained pursuant to these subpoenas; (3) enter a permanent injunction barring the disclosure or use by Smith of any information obtained pursuant to these subpoenas; (4) prohibit Smith from issuing further subpoenas from this action without prior leave of the Court; and (5) impose an

appropriate sanction in light of the circumstances, once they are fully known.

Smith filed a response (Doc. 165). Smith contends that Hansmeier has no grounds to object because he was duly notified and served, even though he is not a party to this action. Smith further contends the motion is frivolous and should be denied. Hansmeier replied (Doc. 166 and Doc. 168). For the reasons discussed herein, the motion is DENIED.

## II.  BACKGROUND

In its case in chief, plaintiff, Lightspeed Media Corporation ("Lightspeed"), raised baseless claims despite knowledge those claims were frivolous (Doc. 65). As a result, the Court sanctioned plaintiff's counsel, John Steele ("Steele"), Paul Duffy ("Duffy") and Hansmeier (collectively, "plaintiff's counsel") (Doc. 65). The Court found plaintiff's counsel jointly and severally liable and ordered them to pay defendants' attorney fees and expenses, totaling $261,025.11, with interest as provided by law (Doc. 100). Plaintiff's counsel failed to comply and defendants filed a joint motion for contempt on December 27, 2013 (Doc. 107). While that motion was pending, Smith issued third-party subpoenas to certain financial institutions to ascertain facts concerning plaintiff's counsel's financial resources and their ability to pay the amount ordered (Doc. 116-1). Hansmeier moved to quash those subpoenas (Doc. 116) and the Court denied that motion (Doc. 125). On or about March 7, 2014, Smith issued additional third-party subpoenas.

On March 18, 2014, Hansmeier contacted Smith's counsel to object to the March 7th subpoenas (Doc. 157-1 p. 6). Hansmeier stated that he was not provided

with notice or service (Doc. 157-1 p. 6). Smith's counsel responded, stating that Hansmeier was not a party to this action and Rule 45(a)(4) only required notice and service to parties (Doc. 157-1 p. 6). Smith's counsel also noted that plaintiff, Lightspeed, received copies of the disputed subpoenas and reminded Hansmeier that the Court previously determined service on Lightspeed's counsel (Duffy) constitutes service upon Hansmeier as well (Doc. 157-1 p. 6) (*see also* Doc. 100 p. 5) ("service on Duffy was effective for all of Plaintiff's counsel, past and present, including Steele and Hansmeier").

Eventually, despite disagreement over interpretation of Rule 45, Smith's counsel volunteered to withdraw and reissue the subpoenas (Doc. 157-1 pp. 7-8). Smith's counsel then enquired about the form of service Hansmeier would prefer: "When I send out new copies tomorrow, I will email them to you and Messrs. Steele and Duffy. Or would you prefer I send them via certified mail so that you each may later claim to have never received them?" (Doc. 157-1 p. 8). Hansmeier responded, "I do not accept service via e-mail, but it is relatively common practice to send a courtesy electronic copy in addition to the formal paper copy in order to create a record of notice, which I believe addresses the point raised in your e-mail." (Doc. 165-1 p. 1).

Smith filed a renewed motion for contempt on March 20, 2014 (Doc. 135). On March 24, 2014, the Court found plaintiff's counsel in contempt of court for willfully violating the sanctions order and making no effort to comply (Doc. 136 pp. 8-9). The Court concluded plaintiff's counsel failed to meet their burden of proving

they were unable to pay (Doc. 136 pp. 7-8). On March 25, 2014, Smith's counsel reissued the March 7th subpoenas (dated March 24, 2014). Smith served the reissued subpoenas on Steele, Duffy, and Hansmeier by certified mail on March 26, 2014 (Doc. 165-2).[1]

After receiving the subpoenas, Steele told Smith's counsel that he contacted the third parties to notify them that "the subpoenas must be withdrawn" (Doc. 153-1). This conduct is presently the subject of a motion for discovery sanctions filed by Smith (Doc. 153). That matter is set for hearing on November 12, 2014.

On April 18, 2014, the same day Smith filed his motion for discovery sanctions, Hansmeier sent Smith's counsel, Steele, and Duffy an email asserting that he had never received the subpoenas at issue, and asking that Smith's motion for discovery sanctions be withdrawn (Doc. 157-1 p. 11). Three days later Hansmeier filed the present motion.

### III.   ANALYSIS

As an initial matter, the Court does not find a "pattern of deception" on the part of Smith or Smith's counsel. Smith's counsel properly served the March 7th subpoenas on Lightspeed. This satisfied the requirements of Federal Rule of Civil Procedure 45(a)(4) ("If the subpoena commands the production of documents,

---

[1] Smith states "I never got it" is an all too common refrain from plaintiff's counsel that has resulted in Smith's counsel now photographing the contents of every package (Doc. 165 p. 3 n.4; Doc. 165-2). In support, Smith cites to the following: *AF Holdings, LLC v. Patel*, 13-mc-00068, Doc. 11 (D. Minn. Sep. 24, 2013) (Hansmeier characterizing himself as a nonparty and not properly served), and Doc. 14 (order finding Hansmeier was properly served); *Ingenuity 13 v. Doe*, No. 12-cv-08333, Doc. 224 (C.D. Cal. July, 18, 2013) (finding lack of service was because "Steele entered his address incorrectly—not once, but four times."); *Freeborn & Peters v. Fletcher, et al.*, No. 12-L-4104 (May 7, 2013) (affidavit by process server that Duffy threw subpoena on ground and walked away).

electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each *party*.") (emphasis added). Nonetheless, out of an abundance of caution, Smith's counsel voluntarily withdrew the subpoenas and subsequently reissued them. Smith served the reissued subpoenas on Steele, Duffy, and Hansmeier by certified mail on March 26, 2014 (Doc. 165-2). The U.S. mail tracking number for the delivery to Hansmeier is 70123050000066664895 ("USPS Package 4895")(Doc. 165 p. 3).

Hansmeier asserts that he did not receive USPS Package 4895. However, as Smith notes, "[t]he critical event in the service procedure under Rule 5 is the mailing, not receipt, of the papers sought to be served. Non-receipt or nonacceptance of the envelope containing the papers is insignificant and has no effect on the validity of service." *Russell v. City of Milwaukee*, 338 F.3d 662, 667 (7th Cir. 2003) (*quoting* Moore's Federal Practice § 5.04[2][a][ii] at 5-29 to 5-30). Thus, even if Hansmeier were a party requiring notice under Rule 45, Smith has established notice and service as to Hansmeier.[2] Finally, the Court has previously

---

[2] The U.S. mail tracking number for the delivery to Hansmeier is 70123050000066664895 (Doc. 165 p. 3). *See also* Doc. 168 p. 6 (stating that the Hansmeier delivery was mailed to Minneapolis, MN) and Doc. 165-2 (showing that U.S. Certified Mail package was mailed to Minneapolis MN, with an expected delivery date of March 28, 2014). In his reply, Hansmeier notes that the return receipt included in Smith's responsive pleading is not a return receipt for USPS Package 4895 (Doc. 165-2 p. 6; Doc. 166). Smith admits that he has not received a return receipt for USPS Package 4895 and that inclusion of the return receipt found at Doc. 165-2 p. 6 was an inadvertent mistake (Doc. 168; Doc. 172 p. 1 n.1). Hansmeier further notes that, pursuant to the USPS tracking system, package number USPS Package 4895 was mailed on March 26, 2014 and was "out for delivery" on March 28, 2014 (Doc. 168 p. 4). According to the USPS tracking website, the package was listed as "in-transit" as of May 7, 2014 (Doc. 168). However, as discussed above, the fact that Smith has not received a return receipt for this package or that the package remains "in transit" does not establish a lack of service. The Court is also not persuaded by Hansmeier's arguments regarding the weight of the

determined that service on Duffy is effective service on Hansmeier and Steele (Doc. 100 pp. 5-8).

Considering the above, Hansmeier has not stated any valid reason for quashing the subpoenas. Likewise, the request for sanctions is baseless. Nothing in Hansmeier's motion establishes conduct on the part of Smith or Smith's counsel that would warrant imposition of sanctions under the Court's inherent authority.

Accordingly, Hansmeiers' motion to quash and for sanctions (Doc. 157) is **DENIED.**

**IT IS SO ORDERED.**
Signed this 17th day of October, 2014.

Digitally signed by
David R. Herndon
Date: 2014.10.17
16:58:11 -05'00'

**District Judge**
**United States District Court**

package.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LIGHTSPEED MEDIA CORP.,

     Plaintiff,

vs.                              No.   3:12-cv-889-DRH-SCW

ANTHONY SMITH, et al.,

     Defendants.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

     This case is before the Court on Paul Hansmeier's ("Hansmeier"), motion to strike reply brief and accompanying exhibits (Doc. 173) and renewed motion to strike reply brief and accompanying exhibits (Doc. 175). Both motions ask the Court to strike defendant Anthony Smith's ("Smith") reply in support of his motion for discovery sanctions (Doc. 172) and the associated exhibits.[1]

     Initially, Hansmeier objected to the propriety of filing the reply brief *ex parte.* However, on May 19, 2014, the Court modified the restriction level of the reply brief (Doc. 173). The reply brief is now available to both parties but sealed from the public (Doc. 173). Accordingly, any argument pertaining to the reply brief being filed *ex parte* is now moot.

---

[1]   Technically, Hansmeier's original motion to strike (Doc. 173) asks the Court to strike the notice associated with Smith's reply brief (Doc. 171). The body of the motion, however, focuses on the reply brief and the associated exhibits.

The renewed motion to strike alleges Smith's reply is "procedurally false" (Doc. 175 p. 1); "substantively false" (Doc. 175 p.  3); and a "major ethical violation" (Doc. 175 p. at 4). These arguments fail to establish grounds for striking under Federal Rule of Civil Procedure 12. Further, as noted by Smith, the renewed motion does not set forth a standard of review, case citations or legal arguments in support thereof. The lack of authority or legal argument forfeits any issues asserted by Hansmeier. *See Doe, By and Through G.S. v. Johnson,* 52 F.3d 1448, 1457 (7th Cir. 1995).

Finally, the Court notes that pursuant to the Court's Local Rules, "**[r]eply briefs are not favored and should be filed in only exceptional circumstances.**" SD Ill. L.R. 7(c) (bold in original). The Court finds that exceptional circumstances are present here. Therefore the Court will consider the reply brief.

For the reasons discussed above, Hansmeier's motion to strike reply brief and accompanying exhibits (Doc. 173) and renewed motion to strike reply brief and accompanying exhibits (Doc. 175) are **DENIED.**

      **IT IS SO ORDERED.**
Signed this 17th day of October, 2014.

Digitally signed by
David R. Herndon
Date: 2014.10.17
16:59:58 -05'00'

**District Judge**
**United States District Court**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LIGHTSPEED MEDIA CORP.,

     **Plaintiff,**

v.                            **No. 3:12-cv-889-DRH-SCW**

ANTHONY SMITH, et al.,

     **Defendants.**

<u>**MEMORANDUM and ORDER**</u>

**HERNDON, District Judge:**

## I. INTRODUCTION

This matter is before the Court on defendant Anthony Smith's ("Smith") Motion to Reconsider (Doc. 189) the Court's November 18, 2014 order denying Smith's Motion for Contempt (Doc. 135) and his Motion for Sanctions for Obstructing Discovery (Doc. 153) against Paul Duffy ("Duffy"), John Steele ("Steele"), and Paul Hansmeier ("Hansmeier") (collectively, "Lightspeed's Counsel").

The Court previously found the claims asserted by plaintiff, Lightspeed Media Corporation ("Lightspeed"), were frivolous and baseless. Accordingly, the Court imposed attorney fees and costs on Lightspeed's Counsel totaling $261,052.11 ("Fee Order"). Lightspeed's Counsel did not timely pay the Fee Order and made various representations to the Court regarding an alleged inability to pay. Accordingly, defendants issued third-party subpoenas in an effort to obtain information pertaining to Lightspeed's Counsel's financial status.

Eventually, defendants filed a Motion for Contempt (Doc. 135) and a Motion for Sanctions for Obstructing Discovery (Doc. 153). The motions alleged Lightspeed's Counsel made various misrepresentations regarding their ability to pay the Fee Order and actively sought to obstruct discovery. Although the Fee Order was eventually paid, questions remained regarding (1) the veracity of Lightspeed's Counsel's statements regarding insolvency and (2) Lightspeed's Counsel's alleged obstruction of discovery.

On November 18, 2014, the Court issued an order denying the motions for contempt and sanctions (Doc. 188). The Court found Lightspeed's Counsel's conduct was highly suspicious. However, the Court concluded there was insufficient evidence to support a finding of contempt or to impose sanctions for obstructing discovery (Doc. 188). Thereafter, Smith filed the present motion for reconsideration (Doc. 189). In his motion for reconsideration, Smith argues newly obtained and previously submitted evidence warrant the imposition of sanctions. Accordingly, Smith asks the Court to revisit the issue of sanctions relating to Lightspeed's Counsel's alleged misrepresentations and obstruction of discovery.

The matter has been fully briefed (Response Hansmeier Doc. 191; Response by Steele Doc. 192; Reply Smith Doc. 193)[1] and is ripe for consideration.

Smith has also filed three motions to supplement (Docs. 194, 195, and 197). With regard to the motions to supplement, the Court rules as follows: (1)

---

[1] Duffy has failed to respond in any way to Smith's motion(s). The Court deems Duffy's failure to respond to be an admission of the merits of Smith's motion insofar as they concern him. SDIL-LR 7.1(c).

Smith's request for the Court to take judicial notice of an order filed in a related proceeding (Doc. 194) is **GRANTED**[2] (2) Smith's motion to supplement the record with documents received on February 13, 2015 pertaining to Steele's divorce (Doc. 195) is **GRANTED**; and (3) Smith's motion to supplement the record with recently obtained evidence pertaining to Hansmeier (Doc. 197) is **GRANTED**.

The Court considers Smith's Motion for Reconsideration (Doc. 189) below.

## II.  BACKGROUND

### A. Overview

On December 14, 2011, plaintiff, Lightspeed Media Corporation ("Lightspeed"), filed suit in the Circuit Court of the Twentieth Judicial District in St. Clair County. Lightspeed owns or operates one or more paid-subscription adult entertainment websites. In its first complaint, Lightspeed alleged John Doe and more than 6,600 "co-conspirators" had gained unauthorized access to its website. On December 16, 2011, the circuit court granted an ex parte motion for leave to obtain discovery by subpoena, from dozens of Internet Service Providers ("ISPs"), of information personally identifying the defendants. AT&T and Comcast subsequently filed motions to quash the subpoenas and/or for a protective order. On May 22, 2013, the Illinois Supreme Court directed the circuit court to vacate

---

[2] Smith asks the Court to take judicial notice of an order filed in *Guava LLC v. Spencer Merkel*, No. 27-CV-12-20976 (4th Jud. Dist. Ct., Hennepin Cty., MN Jan. 20, 2015) (Doc. 194). *Guava LLC* involved Lightspeed's law firm, Prenda Law, John Steele, Paul Hansmeier, and related issues. Smith contends the Court may take judicial notice of the order under Federal Rule of Evidence 201(b)(2). The Court agrees that it may take judicial notice of the subject order to establish the fact of such litigation. However, the Court may not take judicial notice of the subject order to establish the truth of the matters asserted therein. Accordingly, the Court acknowledges the subject matter of the litigation in *Guava LLC*. However, the Court does not take judicial notice of the facts or conclusions contained therein and does not rely on the order in resolving the present motion to reconsider. *See Opoka v. Immigration and Naturalization Service*, 94 F.3d 392 (7th Cir. 1996).

its order denying the motion to quash.

On August 3, 2012, Lightspeed filed an amended complaint. The amended complaint substituted "Anthony Smith" for "john Doe." In addition, the amended complaint added AT&T, Comcast, AT&T Corporate Representative #1, and Comcast Corporate Representative #1 as defendants (collectively, "ISP Defendants"). In the amended complaint, Lightspeed contended that Smith used hacked passwords to access content from Lightspeed's websites without authorization. Lightspeed asserted the ISP Defendants improperly opposed Lightspeed's discovery, failed to act to protect Lightspeed's websites, and conspired with their customers to Lightspeed's detriment. Shortly thereafter, on August 9, 2012, AT&T removed the action to federal court.

Seven days after removal, Lightspeed filed an emergency motion for discovery (Doc. 9). In the emergency motion, Lightspeed asked the Court to order the ISP Defendants to provide information personally identifying ISP subscribers who were allegedly using hacked passwords to gain unauthorized access to Lightspeed's content. Judge G. Patrick Murphy held a hearing on the issue and denied the motion (Doc. 23). Smith and the ISP Defendants filed motions to dismiss (Docs. 26, 28, 36). On March 21, 2013, prior to the resolution of the motions to dismiss, Lightspeed entered a notice of voluntary dismissal.

On April 5, 2013, Smith moved for attorney's fees pursuant to 28 U.S.C. § 1927 (Doc. 61). Smith asked the Court to enter an order requiring Lightspeed's Counsel to satisfy personally the excess attorney's fees Smith reasonably incurred

because of their unreasonable and vexatious multiplication of the proceedings. Subsequently, the ISP Defendants also moved for attorney's fees (Docs. 78, 82).

On October 30, 2013, Judge Murphy granted Smith's motion for attorney's fees (Doc. 65). Lightspeed's Counsel sought reconsideration of that order (Docs. 66, 68, 74). On November 13, 2013, Judge Murphy held a hearing on the motions for reconsideration and the motions for attorney's fees by the ISP Defendants (Doc.96) in which he deferred ruling.

On November 27, 2013, Judge Murphy denied the motions to vacate, or in the alternative, reconsider the order granting Smith's motion for attorney fees, granted the ISP Defendants' motions for attorney's fees, and ordered Lightspeed's Counsel to pay attorney's fees totaling $261,052.11 (pursuant to 28 U.S.C. § 1927). The Fee Order was to be paid within 14 days.

As of December 27, 2013, Lightspeed's Counsel had not paid the Fee Order or sought a stay. Accordingly, Smith and the ISP Defendants filed a joint motion for contempt, or in the alternative, for an order directing Lightspeed's Counsel to show cause why they each should not be held in contempt (Doc. 107). Throughout this time period, Lightspeed's Counsel repeatedly asserted they had nothing – no money or assets to satisfy the Fee Order.

The Court heard argument on February 13, 2014. During the proceedings, Lightspeed's Counsel admitted on the record to noncompliance, each stating he had not paid the sanction amount to defendants or otherwise sought a supersedeas bond. Additionally, Lightspeed's Counsel emphatically indicated an

inability to pay. Steele and Hansmeier both asked the Court for leave to show they did not have the funds to satisfy the judgment. The Court denied Steele's motion to stay, and took the Contempt Motion under advisement, allowing Lightspeed's Counsel 10 days to submit asset statements from a certified public accountant. Thereafter, Lightspeed's Counsel submitted financial records to the Court for in camera review.

The Court issued its order addressing the Contempt Motion on March 24, 2014 (Doc. 136). As to the inability to pay arguments, the Court found Lightspeed's Counsel had not met the applicable burden. The Court concluded the records submitted by Lightspeed's Counsel were incomplete and suspicious. The Court found Lightspeed's Counsel in contempt and issued a sanction in the amount of 10% of the original sanction. On April 4, 2014, the Court granted Lightspeed's Counsel's motion to stay pending appeal and for approval of form of supersedeas bond (Doc. 148). Supersedeas bond was posted by Steele in the amount of $287,300.00 on April 8, 2014 (Doc. 149).

On appeal, the Seventh Circuit affirmed the original order of sanctions and the additional sanctions issued on March 24, 2014. Thereafter, on April 8, 2014, defense counsel collected on the bond (Doc. 149).

**B. Motion for Contempt (Doc. 135), Motion for Sanctions for Obstructing Discovery (Doc. 153), and Order denying the same (Doc. 188)**

On March 20, 2014 (prior to John Steele posting a supersedeas bond on April 8, 2014), Smith filed a Motion for Contempt (Doc. 135). Smith argued Lightspeed's Counsel made misrepresentations regarding their inability to pay the

Fee Order. Smith contended Lightspeed's Counsel was fully capable of paying the amounts ordered by the Court and had acted to conceal or otherwise move assets off-shore. The motion asked the Court for an order imposing additional sanctions for failing to pay as ordered;[3] freezing their assets; sanctioning them for interfering with discovery; and granting Smith access to the financial statements provided to the Court for in camera review.

On April 18, 2014, Smith filed a Motion for Sanctions for Obstructing Discovery (Doc. 153). Smith alleged Lightspeed's Counsel intentionally and improperly interfered with third-party subpoenas. The subject subpoenas were issued by Smith to ascertain facts concerning Lightspeed's Counsel's financial resources and their prior representations regarding inability to pay the Fee Order. Although the motion was directed against Steele, Duffy and Hansmeier, specific allegations of obstruction were limited to Steele and Duffy. Smith alleged that Steele and Duffy contacted involved third parties and misled them regarding the status of these proceedings and/or actively sought to obstruct discovery.

The Court held a hearing on the Motion for Contempt (Doc. 135) and the Motion for Sanctions for Obstructing Discovery (Doc. 153) on November 12, 2014. At the hearing, Lightspeed's Counsel denied making misrepresentations regarding their financial status. With regard to obstructing discovery, Steele and Duffy indicated they never intentionally made misrepresentations to third parties.

On November 18 2014, the Court issued an order denying Smith's motions for contempt and for sanctions (Doc. 188). The Court acknowledged a high degree

---

[3] As noted, at the time the motion was filed, the supersedeas bond had not been posted.

of suspicion as to Lightspeed's Counsel's conduct and in-court statements. However, the Court concluded Smith had not presented evidence sufficient to support a finding of contempt or warrant an imposition of sanctions.

**C. Motion for Reconsideration (Doc. 189)**

On December 15, 2014 Smith filed a Motion for Reconsideration (Doc. 189) seeking to correct errors of fact and to present newly discovered evidence. As noted above, the motion for reconsideration asks the Court to revisit its November 18, 2014 Order (Doc. 188) denying Smith's Motion for Contempt (Doc. 135) and Motion for Sanctions for Obstruction of Discovery (Doc. 153). Smith contends newly obtained and previously submitted evidence demonstrate (1) Lightspeed's Counsel had sufficient assets to pay the Fee Order and made misrepresentations to the Court regarding the same and (2) Lightspeed's Counsel obstructed discovery. With regard to the former, the evidence presented relates to Steele and Hansmeier. With regard to the latter, the evidence presented relates to Steele and Duffy. Smith contends the Court should reconsider its previous finding and impose sanctions, as appropriate, on Steel, Hansmeier, and Duffy.

## III.  APPLICABLE LAW

**A.  Motion for Reconsideration**

Although they are frequently filed, the Seventh Circuit describes a motion for reconsideration as "a motion that, strictly speaking, does not exist under the Federal Rules of Civil Procedure." *Hope v. United States*, 43 F.3d 1140, 1142 n. 2 (7th Cir. 1994). *See also Talano v. Northwestern Medical Faculty Foundation,*

*Inc.*, 273 F.3d 757, 760 n. 1 (7th Cir. 2001) ("Technically, a 'Motion for Reconsideration' does not exist under the Federal Rules of Civil Procedure."). This type of motion "is a request that the [court] reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir.2004) (internal quotation omitted). Thus, a court "may reconsider a prior decision when there has been a significant change in the law or facts since the parties presented the issue to the court, when the court misunderstands a party's arguments, or when the court overreaches by deciding an issue not properly before it." *U.S. v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008). In *Frietsch v. Refco, Inc.*, 56 F.3d 825 (7th Cir.1995), the Court of Appeals did not question the availability of a motion to reconsider but stated:

> It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him. Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless.

56 F.3d at 828. *See also Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir.1996) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion."); *Oto v. Metropolitan Life Insurance Company*, 224 F.3d 601, 606 (7th Cir.2000) (stating that a party cannot use a motion to reconsider "to introduce new evidence that could have been presented earlier").

There are two ways in which a Court may analyze a Motion to Reconsider,

under Rule 59(e) or under Rule 60(b) of the Federal Rules of Civil Procedure. Where, as here, a substantive motion for reconsideration is filed within twenty-eight days of entry of judgment or order, whether the motion is analyzed under Rule 59(e) or Rule 60(b) depends upon the substance of the motion, not the timing or label affixed to it.[4] Generally, if a motion is timely filed within the twenty-eight day period, the Court will construe it as a motion pursuant to Rule 59(e); later motions will be construed pursuant to Rule 60(b). *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992). Although both Rules 59(e) and 60(b) have similar goals of erasing the finality of a judgment and permitting further proceedings, Rule 59(e) generally requires a lower threshold of proof than does Rule 60(b). *See Helm v. Resolution Trust Corp.*, 43 F.3d 1163, 1166 (7th Cir. 1995); see also *Ball v. City of Chicago*, 2 F.3d 752, 760 (7th Cir. 1993) (distinguishing the "exacting standard" of Rule 60(b) from the "more liberal standard" of Rule 59(e)). Instead of the exceptional circumstances required to prevail under Rule 60(b), Rule 59(e) requires that the moving party clearly establish a manifest error of law or an intervening change in the controlling law or present newly discovered evidence. *See Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998). However, where "the only arguable basis for relief presented in the motion ... is 'excusable neglect,' "the court should apply the standards governing a motion under Rule 60(b)." *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006).

---

[4] As of December 1, 2009, motions under Rule 59(e) mist be filed "no later than 28 days after the entry" of the challenged order.

Pursuant to Rule 59(e), the Court finds that reconsideration is appropriate based on the newly discovered evidence and facts detailed below that were not immediately evident to the Court when it previously considered Smith's motion for contempt and discovery sanctions.

## B. Discovery Sanctions

Federal Rule of Civil Procedure 37(b)(2)(C) gives a federal judge authority to "order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure [to obey a discovery order], unless the failure was substantially justified or other circumstances make an award of expenses unjust." Although the language of Rule 37(b) requires violation of a judicial order in order to impose sanctions, a formal, written order to comply with discovery is not required, where a litigant engages in abusive litigation practices. *See Halas v. Consumer Services, Inc.*, 16 F.3d 161, 164 (7th Cir. 1994) ("a formal written order to comply with discovery requests is not required under Rule 37(b)").

Seventh Circuit law holds Rule 37 discovery sanctions "may only be imposed where a party displays willfulness, bad faith, or fault." *Langley v. Union Elec. Co.*, 107 F.3d 510, 514 (7th Cir.1997) (*citing Philips Medical Systems Int'l, B.V. v. Bruetman,* 982 F.2d 211, 214 (7th Cir.1992)). District courts have broad discretion in deciding whether violation of rules of discovery warrants imposition of sanctions. *Matei v. Cessna Aircraft Co.*, 35 F.3d 1142 (7th Cir. 1994). However, Rule 37 essentially mandates sanctions for substantial unjustified discovery abuses. *See Rickels v. City of South Bend, Ind.* 33 F.3d 785, 786-87

(7th Cir. 1994) ("The great operative principle of Rule 37(a)(4) is that the loser pays. Fee shifting when the judge must rule on discovery disputes encourages their voluntary resolution and curtails the ability of litigants to use legal processes to heap detriments on adversaries (or third parties) without regard to the merits of the claims.") (internal quotation and citation omitted).

Rule 37 requires no evidentiary hearing, and none is warranted where the briefs and affidavits fully recount the circumstances surrounding the noncompliance. *See Margoles v. Johns*, 587 F.2d 885, 889 (7th Cir. 1978); *see also Godlove v. Bamberger*, 903 F.2d 1145, 1149 (7th Cir. 1990); *Loctite Corporation v. Fel–Pro, Inc.*, 667 F.2d 577, 583 n. 6 (7th Cir. 1981).

Additionally, under 28 U.S.C § 1927, An attorney who multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such a conflict." *Kotsilieris v. Chalmers*, 966 F.2d 1181, 1183 (7th Cir. 1992).

## C.    **Civil Contempt**

Federal courts have both inherent and statutory authority to punish for contempt and to coerce compliance with their orders. *International Union, UMWA v. Bagwell*, 512 U.S. 821, 831-833 (1994). To prevail on a request for a contempt finding, the moving party must establish by clear and convincing evidence that: (1) a court order sets forth an unambiguous command; (2) the

alleged contemnor violated that command; (3) the violation was significant, meaning the alleged contemnor did not substantially comply with the order; and (4) the alleged contemnor failed to make a reasonable and diligent effort to comply. *S.E.C. v. Hyatt*, 621 F.3d 687, 692 (7th Cir. 2010).

## IV.  ANALYSIS

**A.    Discovery Obstruction (Duffy and Steele)**

In his motion for reconsideration (Doc. 189), Smith sheds new light on Duffy and Steele's efforts to obstruct discovery by misleading subpoenaed banking institutions. Smith refutes assertions made by Duffy and Steele at the November 12, 2014 hearing that they did not intentionally mislead any third party institutions about the status of the discovery subpoenas. Specifically, Smith presents new information pertaining to Steele and Duffy's communication with JP Morgan/Chase. This new information demonstrates that, on January 29, 2014, Steele informed JP Morgan he intended to file a motion to quash subpoenas issued by Smith requesting Lightspeed's counsel's financial records. The following day, Steele sent a copy of said motion to JP Morgan without a file stamp. Several days later, JP Morgan requested a file stamped copy from Duffy. Duffy finally supplied a file stamped copy of the motion to quash on March 3, 2014 - two weeks after the Court had **denied** the motion and allowed discovery to proceed. Without any defense from Duffy,[5] the Court takes his actions as intentionally obstructive, as he had reason to know the motion to quash had been denied at the

---

[5] As previously noted, Duffy has failed to respond in any way to Smith's motion(s). The Court deems Duffy's failure to respond to be an admission of the merits of Smith's motion insofar as they concern him. SDIL-LR 7.1(c).

time he relayed it to the bank.

Smith also points to communications in the record between Steele and Sabadell United Bank on April 16, 2014 (Doc. 158-1), in which Steele said the subpoena matter was stayed on April 4, 2014. Just five days before, Steele acknowledged that the Court's stay order did not pertain to the subpoenas, but rather a joint motion for contempt that had been filed by Smith weeks earlier. Steele agreed to resolve any misunderstandings about the subpoenas being withdrawn, but he clearly did not do so based on his April 16th email to Sabadell Bank. Despite Steele's explicit knowledge that discovery of his financial records had not been stayed, he proceeded to inform the bank that a stay was in place. This demonstrates his knowing interference in Smith's discovery efforts.

Based on the above, the Court finds that Duffy and Steele both engaged in unreasonable, willful obstruction of discovery in bad faith. As such, discovery sanctions are warranted as to Duffy and Steele.

**B.    Contempt (Hansmeier and Steele)**

Smith also provides the Court with newly discovered financial evidence to support his assertion that, despite their pleas of insolvency, Steele and Hansmeier had sufficient assets to satisfy the Fee Order. On January 29, 2014 Steele and Hansmeier both signed and filed memoranda claiming the Court's sanction posed a "crippling financial liability" on them (Doc. 113, 115). Similarly, at a hearing on February 13, 2014, they asked the Court for leave to show inability to pay (Doc. 101).

With regard to Steele, new evidence reveals that, in the two months before he filed his memorandum on January 29, 2014, he deposited over $300,000 into a new bank account with Sabadell Bank (Doc. 190 Ex. A). Moreover, within a month of asking the Court for leave to show his insolvency, Steele wrote checks totaling nearly $200,000, some of which were written to himself, for expenses related to home renovations. Between April and September of that year, Steele had deposits in that account totaling over $100,000. Steele briefly held a second account with Sabadell between September and October, into which he deposited $50,000, most of which he paid out to himself. Smith additionally points out that the value of Steele's home more than doubled from April 2013 (when he purchased it) to October 2014 (when it was on the market). Further, on November 12, 2014, Steele still pled insolvency. Yet, just one month later, he represented in his divorce proceeding that his assets approached $1.3 million (Doc. 195-1).

As to Hansmeier, Smith presents evidence that, in the years leading up to the judgment against him, Hansmeier had transferred nearly half a million dollars to a company called Monyet LLC (Doc. 172-21), of which Hansmeier was the sole member, manager, and signatory for its accounts ((Doc. 197-2). In a debtor's exam of a related proceeding in June 2014,[6] Hansmeier admitted that Monyet, LLC was set up as a trust for his son for purposes of estate planning (Doc. 190 Ex. D 38:11-12, 18). However, documents from Scotttrade, Inc. reveal that

---

[6]   The debtor's exam took place in a Minnestoa district court. While the statements made by Hansmeier therein were not made in this court, they are nonetheless directly relevant to the financial discovery being conducted by this court. As they were made by Hansmeier himself, the Court will accept them as true for the purposes of the instant motion to reconsider.

Monyet, LLC was not solely associated with estate planning, as the bulk of its assets went towards expenses such as payment of appellate bonds and attorney's fees, investments in Liverwire Holdings, LLC, and loans to his Class Justice LLC law firm (Doc. 190-3). Said expenditures occurred throughout the 2013 year and up to May 2014, demonstrating that Hansmeier had access to the Monyet funds both before and after he pled insolvency to the court.

In light of the above facts, the Court finds Steele and Hansmeier in contempt. The Court finds that the newly discovered evidence directly contradicts their claims of insolvency.

## V.  CONCLUSION

For the reasons discussed herein, Anthony Smith's Motion for Reconsideration (Doc. 189) is **GRANTED**. **FURTHER,** the Court **ORDERS** as follows:

**Sanctions as to John Steele and Paul Duffy for Obstructing Discovery:**

The Court finds Paul Duffy and John Steele engaged in unreasonable, willful obstruction of discovery in bad faith. As such, discovery sanctions are warranted against Paul Duffy and John Steele. The Court awards sanctions to Anthony Smith in the amount of the additional expenses incurred in conducting third party discovery, apportioned equally between Paul Duffy and John Steele.

**FURTHER**, with regard to these sanctions, the Court orders Anthony Smith to submit reasonable costs by July 3, 2015.

**Sanctions as to John Steele and Paul Hansmeier – Contemptuous Conduct:**

The Court finds John Steele and Paul Hansmeier in contempt. Accordingly, the court awards sanctions against John Steele and Paul Hansmeier in the amount of $65,263.00. for their contemptuous statements in court. One might recognize that the amount of the sanction is twenty-five percent of Judge Murphy's original sanction and that the last sanction from the undersigned was ten percent. A pattern is purposely developing whereby the contemnors could find their way back to the full sanction Judge Murphy ordered for their original wrongdoing if they continue their misdeeds before this Court. The current sanction, including the costs addressed above, shall be paid on or before July 15, 2015.

**IT IS SO ORDERED.**

Signed this 5th day of June, 2015.

Digitally signed by
David R. Herndon
Date: 2015.06.05
15:57:49 -05'00'

**United States District Court**

APPEAL,CJRA_B,DSW2

## U.S. District Court
## Southern District of Illinois (East St. Louis)
## CIVIL DOCKET FOR CASE #: 3:12-cv-00889-DRH-SCW
## Internal Use Only

Lightspeed Media Corporation v. Smith et al          Date Filed: 08/09/2012
Assigned to: Chief Judge David R. Herndon            Date Terminated: 03/22/2013
Referred to: Magistrate Judge Stephen C. Williams    Jury Demand: Plaintiff
Case in other court:  St. Clair County, Illinois, 11-L-683   Nature of Suit: 890 Other Statutory
                      USCA-7, 13-03801               Actions
                      USCA-7, 14-01682               Jurisdiction: Federal Question
Cause: 28:1446 Petition for Removal

**Plaintiff**

**Lightspeed Media Corporation**          represented by   **Paul A. Duffy**
                                                          Duffy Law Group
                                                          321 North LaSalle Street
                                                          5th Floor
                                                          Chicago, IL 60654
                                                          312-952-6136
                                                          Email: pduffy@pduffygroup.com
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **John L. Steele**
                                                          Steele Hansmeier PLLC
                                                          161 North Clark Street
                                                          Suite 4700
                                                          Chicago, IL 60601
                                                          312-880-9160
                                                          Fax: 312-893-5677
                                                          Email: johnlsteele33140@gmail.com
                                                          *TERMINATED: 03/07/2013*

                                                          **Kevin T. Hoerner**
                                                          Becker, Paulson et al.
                                                          Generally Admitted
                                                          5111 West Main Street
                                                          Belleville, IL 62226
                                                          618-235-0020
                                                          Email: KTH@bhtylaw.com
                                                          *TERMINATED: 11/06/2013*

                                                          **Paul Hansmeier**
                                                          Alpha Law Firm
                                                          80 South 8th Street

Ste 900
Minneapolis, MN 55402
651-399-1583
Email: prhansmeier@thefirm.mn
*TERMINATED: 11/15/2012*

V.

**Consol Plaintiff**

**Mr. John Steele**                     represented by   **John L. Steele**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

V.

**Petitioner**

**Paul Hansmeier**                      represented by   **Paul Hansmeier**
                                                          PRO SE

                                                          **Paul Hansmeier**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Anthony Smith**                       represented by   **Daniel G. Booth**
                                                          Booth Sweet LLP
                                                          32R Essex Street
                                                          Cambridge, MA 02139
                                                          617-250-8602
                                                          Fax: 617-250-8883
                                                          Email: dbooth@boothsweet.com
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Jason E Sweet**
                                                          Booth Sweet LLP
                                                          32R Essex Street
                                                          Cambridge, MA 02139
                                                          617-250-8602
                                                          Fax: 617-250-8883
                                                          Email: jsweet@boothsweet.com
                                                          *ATTORNEY TO BE NOTICED*

                                                          **John D. Seiver**
                                                          Davis Wright Tremaine LLP
                                                          1919 Pennsylvania Avenue, NW

Suite 800
Washington, DC 20006
202-973-4200
Fax: 202-973-4412
Email: johnseiver@dwt.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**SBC Internet Services, Inc.**
*doing business as*
AT&T Internet Services

represented by **Bart Westcott Huffman**
Locke Lord LLP - Austin
100 Congress Avenue
Suite 300
Austin, TX 78701
512-305-4746
Fax: 512-391-4741
Email: bhuffman@lockelord.com
*ATTORNEY TO BE NOTICED*

**John D. Seiver**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Troy A. Bozarth**
HeplerBroom LLC - Edwardsville
130 North Main Street
P.O. Box 510
Edwardsville, IL 62025
618-656-0184
Fax: 618-656-1364
Email: troy.bozarth@heplerbroom.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**AT&T Corporate Represenative #1**

represented by **Bart Westcott Huffman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**ComCast Cable Communications,
LLC**

represented by **Andrew G. Toennies**
Lashly & Baer PC
714 Locust Street
St. Louis, MO 63101
314-436-8347
Fax: 314-621-6844
Email: atoennies@lashlybaer.com
*ATTORNEY TO BE NOTICED*

**John D. Seiver**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

| ComCast Corporate Representative #1 | represented by | **Andrew G. Toennies**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| --- | --- | --- |
| | | **John D. Seiver**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Movant**

| Paul Duffy | represented by | **Paul Duffy**<br>PRO SE |
| --- | --- | --- |

| Date Filed | # | Docket Text |
| --- | --- | --- |
| 07/06/2015 | 204 | NOTICE OF APPEAL as to 199 Order on Motion for Reconsideration, Order on Motion to Supplement,,,,,,,,,, by Paul Hansmeier. (Hansmeier, Paul) (Entered: 07/06/2015) |
| 07/06/2015 | 203 | Notice re Taxation of Costs: Action due by 7/16/2015. (mar) (Entered: 07/06/2015) |
| 07/06/2015 | 202 | NOTICE STRIKING ELECTRONICALLY FILED DOCUMENTS striking 201 Notice re Taxation of Costs. Additional named attorney to be added to Notice. (mar)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 07/06/2015) |
| 07/06/2015 | 201 | STRICKEN AT DOC. 202 - Notice re Taxation of Costs: Action due by 7/16/2015. (mar) (Entered: 07/06/2015) |
| 07/02/2015 | 200 | BILL OF COSTS by Anthony Smith. (Attachments: # 1 Exhibit A (Invoice), # 2 Exhibit B (Travel Itinerary), # 3 Affidavit Jason E. Sweet, # 4 Affidavit Daniel G. Booth)(Booth, Daniel) (Entered: 07/02/2015) |
| 06/05/2015 | 199 | ORDER granting 189 Motion for Reconsideration; granting 194 Motion to Supplement; granting 195 Motion to Supplement; granting 197 Motion to Supplement. FURTHER, the Court imposes sanctions as to John Steele, Paul Duffy, and Paul Hansmeier as described herein. FURTHER, Anthony Smith is DIRECTED to submit reasonable costs, as described herein, by July 3, 2015. FURTHER, the sanctions and costs imposed herein shall be paid on or before July 15, 2015. Signed by Judge David R. Herndon on 6/5/2015. (dsw) (Entered: 06/05/2015) |
| 02/27/2015 | 198 | MEMORANDUM in Opposition re 197 Second MOTION to Supplement filed by Paul Hansmeier. (Hansmeier, Paul) (Entered: 02/27/2015) |
| 02/26/2015 | 197 | Second MOTION to Supplement by Anthony Smith. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit)(Sweet, Jason) (Entered: |

| | | 02/26/2015) |
|---|---|---|
| 02/13/2015 | 196 | MEMORANDUM in Opposition re 195 MOTION to Supplement *Motion for Reconsideration* filed by John Steele. (Steele, John) (Entered: 02/13/2015) |
| 02/13/2015 | 195 | MOTION to Supplement *Motion for Reconsideration* by Anthony Smith. (Attachments: # 1 Exhibit)(Sweet, Jason) (Entered: 02/13/2015) |
| 01/22/2015 | 194 | MOTION to Supplement by Anthony Smith. (Attachments: # 1 Exhibit MN Order)(Sweet, Jason) (Entered: 01/22/2015) |
| 01/13/2015 | 193 | REPLY to Response to Motion re 189 MOTION for Reconsideration re 188 Order, Terminate Motions filed by Anthony Smith. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit)(Sweet, Jason) (Entered: 01/13/2015) |
| 12/29/2014 | 192 | MEMORANDUM in Opposition re 189 MOTION for Reconsideration re 188 Order, Terminate Motions filed by John Steele. (Steele, John) (Entered: 12/29/2014) |
| 12/29/2014 | 191 | RESPONSE in Opposition re 189 MOTION for Reconsideration re 188 Order, Terminate Motions filed by Paul Hansmeier. (Hansmeier, Paul) (Entered: 12/29/2014) |
| 12/16/2014 | 190 | EXHIBIT by Anthony Smith. Exhibit to 189 Motion for Reconsideration . (Attachments: # 1 Exhibit Ex B, # 2 Exhibit Ex C, # 3 Exhibit Ex D, # 4 Exhibit Ex E)(Sweet, Jason) (Entered: 12/16/2014) |
| 12/15/2014 | 189 | MOTION for Reconsideration re 188 Order, Terminate Motions by Anthony Smith. (Sweet, Jason) (Entered: 12/15/2014) |
| 11/18/2014 | 188 | ORDER, Denying 135 SEALED MOTION filed by Anthony Smith, 153 MOTION for Sanctions *for Obstructing Discovery* filed by Anthony Smith.Signed by Judge David R. Herndon on 11/18/2014. (dsw) (Entered: 11/18/2014) |
| 11/12/2014 | 187 | Minute Entry for proceedings held before Judge David R. Herndon: Motion Hearing held on 11/12/2014 re 135 SEALED MOTION filed by Anthony Smith, 153 MOTION for Sanctions *for Obstructing Discovery* filed by Anthony Smith. (Court Reporter Laura Esposito.) (cekf) (Entered: 11/12/2014) |
| 10/20/2014 | 186 | ORDER, Denying 175 MOTION to Strike 172 Ex Parte Document, filed by Paul Hansmeier and 173 MOTION to Strike 171 Notice (Other) filed by Paul Hansmeier.Signed by Judge David R. Herndon on 10/17/2014. (dsw) (Entered: 10/20/2014) |
| 10/20/2014 | 185 | ORDER denying 157 Motion to Quash; denying 157 Motion for Sanctions. Signed by Judge David R. Herndon on 10/17/2014. (dsw) (Entered: 10/20/2014) |
| 10/20/2014 | 184 | ORDER denying 169 Motion for Contempt. Signed by Judge David R. Herndon on 10/17/2014. (dsw) (Entered: 10/20/2014) |

| 08/22/2014 | 183 | MANDATE of USCA as to 140 Notice of Appeal filed by Paul Hansmeier, John Steele, Paul Duffy, Affirming Fines. 102 Notice of Appeal, filed by Paul Hansmeier, John Steele, Paul Duffy, Affirming Sanctions. (Attachments: # 1 Final Order, # 2 Opinion)(anm) (Entered: 08/22/2014) |
|---|---|---|
| 07/30/2014 | 182 | NOTICE of Hearing on Motion 153 MOTION for Sanctions *for Obstructing Discovery*, 135 SEALED MOTION for contempt. Motion Hearing set for 11/12/2014 at 01:30 PM in East St. Louis Courthouse before Chief Judge David R. Herndon. The parties may NOT appear by phone for the hearing. (kbl)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 07/30/2014) |
| 07/22/2014 | 181 | Certified and Transmitted Record on Appeal to US Court of Appeals re 140 Notice of Appeal. (anm) (Entered: 07/22/2014) |
| 07/22/2014 | 180 | Request from USCA to transmit Record on Appeal re 140 Notice of Appeal. (anm) (Entered: 07/22/2014) |
| 05/30/2014 | 179 | MEMORANDUM in Opposition re 175 MOTION to Strike 172 Ex Parte Document, filed by Anthony Smith. (Sweet, Jason) (Entered: 05/30/2014) |
| 05/24/2014 | 178 | REPLY to Response to Motion re 169 MOTION for Contempt *against Anthony Smith, Jason Sweet and Daniel Booth* filed by Paul Hansmeier. (Hansmeier, Paul) (Entered: 05/24/2014) |
| 05/22/2014 | 177 | EXHIBIT by Anthony Smith. *Corrected Ex. A to Affidavit*. (Sweet, Jason) (Entered: 05/22/2014) |
| 05/21/2014 | 176 | RESPONSE in Opposition re 169 MOTION for Contempt *against Anthony Smith, Jason Sweet and Daniel Booth* filed by Anthony Smith. (Attachments: # 1 Affidavit)(Sweet, Jason) (Entered: 05/21/2014) |
| 05/20/2014 | 175 | MOTION to Strike 172 Ex Parte Document, by Paul Hansmeier. (Hansmeier, Paul) (Entered: 05/20/2014) |
| 05/19/2014 | 174 | ORDER re (172) Ex Parte Document filed by Anthony Smith. The Clerk of the Court is DIRECTED to modify the restriction level on this document. It is to be released to the parties but to remain sealed from the public. Signed by Chief Judge David R. Herndon on 05/19/2014. (kbl)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 05/19/2014) |
| 05/17/2014 | 173 | MOTION to Strike 171 Notice (Other) by Paul Hansmeier. (Hansmeier, Paul) (Entered: 05/17/2014) |
| 05/16/2014 | 172 | *SEALED* DOCUMENT . (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Exhibit, # 15 Exhibit, # 16 Exhibit, # 17 Exhibit, # 18 Exhibit, # 19 Exhibit, # 20 Exhibit, # 21 Exhibit, # 22 Exhibit, # 23 Exhibit, # 24 |

| | | Exhibit, # 25 Exhibit, # 26 Exhibit)(Sweet, Jason) Modified on 5/19/2014 (tkm ). (Entered: 05/16/2014) |
|---|---|---|
| 05/16/2014 | 171 | NOTICE by Anthony Smith re 159 Memorandum in Opposition to Motion, 160 Memorandum in Opposition to Motion, 162 Response (Sweet, Jason) (Entered: 05/16/2014) |
| 05/13/2014 | 170 | MEMORANDUM in Support re 169 MOTION for Contempt *against Anthony Smith, Jason Sweet and Daniel Booth* filed by Paul Hansmeier. (Attachments: # 1 Affidavit of Paul Hansmeier in Support of Petition for Contempt Against Anthony Smith, Jason Sweet and Daniel Booth) (Hansmeier, Paul) (Entered: 05/13/2014) |
| 05/13/2014 | 169 | MOTION for Contempt *against Anthony Smith, Jason Sweet and Daniel Booth* by Paul Hansmeier. (Hansmeier, Paul) (Entered: 05/13/2014) |
| 05/09/2014 | 168 | AFFIDAVIT re 166 Reply to Response to Motion *Corrected to Include Previously-Omitted Exhibit A per Clerk's Notice Of Error [Dkt #167]* by Paul Hansmeier. (Hansmeier, Paul) (Entered: 05/09/2014) |
| 05/08/2014 | 167 | NOTICE OF ERRORS AND/OR DEFICIENCIES re 166 Reply to Response to Motion filed by Paul Hansmeier. See attached document for specifics. (bkl) (Entered: 05/08/2014) |
| 05/07/2014 | 166 | REPLY to Response to Motion re 157 MOTION to Quash MOTION for Sanctions filed by Paul Hansmeier. (Attachments: # 1 Affidavit of Paul Hansmeier)(Hansmeier, Paul) (Entered: 05/07/2014) |
| 05/06/2014 | 165 | MEMORANDUM in Opposition re 157 MOTION to Quash MOTION for Sanctions filed by Anthony Smith. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit)(Sweet, Jason) (Entered: 05/06/2014) |
| 05/06/2014 | 164 | NOTICE STRIKING ELECTRONICALLY FILED DOCUMENTS striking 163 Memorandum in Opposition to Motion filed by Anthony Smith. Document contains sensitive information and should be redacted. Doc. 163 is stricken and will be sealed. A redacted copy of Doc. 163 needs to be refiled.(cekf)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 05/06/2014) |
| 05/05/2014 | 163 | STRICKEN - MEMORANDUM in Opposition re 157 MOTION to Quash MOTION for Sanctions filed by Anthony Smith. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit)(Sweet, Jason) Modified on 5/6/2014 (cekf). (Entered: 05/05/2014) |
| 05/05/2014 | 162 | RESPONSE to 159 Memorandum in Opposition to Motion, 153 Motion for Sanctions, 160 Memorandum in Opposition to Motion *for Sanctions for "Obstructing "Discovery"* filed by Paul Duffy. (Duffy, Paul) (Entered: 05/05/2014) |
| 05/02/2014 | 161 | REPLY to Response to Motion re 135 SEALED MOTION filed by |

| | | Anthony Smith. (Booth, Daniel) (Entered: 05/02/2014) |
|---|---|---|
| 05/02/2014 | 160 | MEMORANDUM in Opposition re 153 MOTION for Sanctions *for Obstructing Discovery* filed by John Steele. (Attachments: # 1 Exhibit) (Steele, John) (Entered: 05/02/2014) |
| 05/02/2014 | 159 | MEMORANDUM in Opposition re 153 MOTION for Sanctions *for Obstructing Discovery* filed by Paul Hansmeier. (Hansmeier, Paul) (Entered: 05/02/2014) |
| 04/23/2014 | 158 | SUPPLEMENT by Anthony Smith. Supplement to 153 Motion for Sanctions . (Attachments: # 1 Supplement Exhibit B)(Sweet, Jason) (Entered: 04/23/2014) |
| 04/22/2014 | 157 | MOTION to Quash , MOTION for Sanctions by Paul Hansmeier. (Attachments: # 1 Affidavit of Paul Hansmeier)(Hansmeier, Paul) (Entered: 04/22/2014) |
| 04/21/2014 | 156 | MEMORANDUM in Opposition re 135 SEALED MOTION filed by John Steele. (Attachments: # 1 Exhibit)(Steele, John) (Entered: 04/21/2014) |
| 04/21/2014 | 155 | MEMORANDUM in Opposition re 135 SEALED MOTION filed by Paul Duffy. (Duffy, Paul) (Entered: 04/21/2014) |
| 04/18/2014 | 154 | MEMORANDUM in Opposition re 135 SEALED MOTION filed by Paul Hansmeier. (Hansmeier, Paul) (Entered: 04/18/2014) |
| 04/18/2014 | 153 | MOTION for Sanctions *for Obstructing Discovery* by Anthony Smith. (Attachments: # 1 Exhibit)(Sweet, Jason) (Entered: 04/18/2014) |
| 04/17/2014 | | Record on Appeal Prepared re 140 Notice of Appeal, 10 volumes of pleadings, 2 transcripts. (anm) (Entered: 04/17/2014) |
| 04/15/2014 | 152 | TRANSCRIPT INFORMATION SHEET by Attorney/Pro Se Party (Hansmeier, Paul) (Entered: 04/15/2014) |
| 04/15/2014 | | USCA Appeal Fees received $ 505 receipt number 34625047746 re 140 Notice of Appeal filed by Paul Hansmeier, John Steele, Paul Duffy (cekf) (Entered: 04/15/2014) |
| 04/09/2014 | 151 | ORDER Granting 150 MOTION to Withdraw 138 Emergency MOTION for Reconsideration re 136 Order on Motion for Contempt filed by Paul Hansmeier. The 138 Emergency MOTION for Reconsideration re 136 Order on Motion for Contempt filed by Paul Hansmeier is hereby WITHDRAWN. Signed by Chief Judge David R. Herndon on 04/09/2014. (kbl)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 04/09/2014) |
| 04/09/2014 | 150 | MOTION to Withdraw 138 Emergency MOTION for Reconsideration re 136 Order on Motion for Contempt by Paul Hansmeier. (Hansmeier, Paul) (Entered: 04/09/2014) |
| 04/08/2014 | 149 | Supersedeas BOND in the amount of $ $287,300.00 posted by John |

| | | Steele (lmb) (Entered: 04/08/2014) |
|---|---|---|
| 04/04/2014 | 148 | ORDER granting 141 Motion to Stay. Signed by Chief Judge David R. Herndon on 04/04/2014. (kbl) (Entered: 04/04/2014) |
| 04/02/2014 | 147 | RESPONSE to 141 Motion to Stay *jointly* filed by ComCast Cable Communications, LLC, ComCast Corporate Representative #1, SBC Internet Services, Inc., Anthony Smith. (Huffman, Bart) (Entered: 04/02/2014) |
| 04/02/2014 | 146 | ORDER of USCA as to 140 Notice of Appeal filed by Paul Hansmeier, John Steele, Paul Duffy (drb) (Entered: 04/02/2014) |
| 04/01/2014 | 145 | USCA Case Number 14-1682 for 140 Notice of Appeal filed by Paul Hansmeier, John Steele, Paul Duffy. (Attachments: # 1 Notice, # 2 Fee Notice)(cekf) (Entered: 04/01/2014) |
| 04/01/2014 | 144 | Rule 10 LetterAppeal Record due to be prepared by 4/15/2014. (cekf) (Entered: 04/01/2014) |
| 04/01/2014 | 143 | Transmission of Short Record to US Court of Appeals re 140 Notice of Appeal (cekf) (Entered: 04/01/2014) |
| 04/01/2014 | 142 | NOTICE OF ERRORS AND/OR DEFICIENCIES re 141 Motion to Stay filed by Paul Hansmeier, John Steele, Paul Duffy. See attached document for specifics (cekf) (Entered: 04/01/2014) |
| 03/31/2014 | 141 | MOTION to Stay re 136 Order on Motion for Contempt by Paul Duffy, Paul Hansmeier, John Steele. (Attachments: # 1 Exhibit Proposed Form of Supersedeas Bond)(Hansmeier, Paul) (Entered: 03/31/2014) |
| 03/31/2014 | 140 | NOTICE OF APPEAL as to 136 Order on Motion for Contempt by Paul Duffy, Paul Hansmeier, John Steele. (Hansmeier, Paul) (Entered: 03/31/2014) |
| 03/26/2014 | 139 | MEMORANDUM in Support re 138 Emergency MOTION for Reconsideration re 136 Order on Motion for Contempt filed by Paul Hansmeier. (Hansmeier, Paul) (Entered: 03/26/2014) |
| 03/26/2014 | 138 | WITHDRAWN PER ORDER AT DOCUMENT #151 -- Emergency MOTION for Reconsideration re 136 Order on Motion for Contempt by Paul Hansmeier. (Hansmeier, Paul) Modified on 4/9/2014 (kbl). (Entered: 03/26/2014) |
| 03/24/2014 | 137 | ORDER re (135) EX PARTE MOTION *for Contempt* filed by Anthony Smith. The Clerk of the Court is DIRECTED to modify the restriction level on this document. It is to be released to the parties but to remain sealed from the public. The Clerk of the Court is also DIRECTED to send notice to plaintiff's counsel of the pending motion. Finally, defendant Smith is DIRECTED to provide a copy of the motion to plaintiff's counsel. Pursuant to the Court's Order on Motion for Contempt 136 , plaintiff's counsel is ORDERED to respond to the motion on or before 4/20/2014. Signed by Chief Judge David R. Herndon on 03/24/2014. (kbl)THIS TEXT ENTRY IS AN ORDER OF |

| | | | |
|---|---|---|---|
| | | | THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 03/24/2014) |
| 03/24/2014 | | 136 | ORDER granting 107 Motion for Contempt. See Order for details. Signed by Chief Judge David R. Herndon on 03/24/2014. (kbl) (Entered: 03/24/2014) |
| 03/20/2014 | 🔒 | 135 | SEALED MOTION *for Contempt* by Anthony Smith. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S, # 20 Exhibit T, # 21 Exhibit U, # 22 Exhibit V, # 23 Exhibit W, # 24 Exhibit X, # 25 Exhibit Y, # 26 Affidavit Z, # 27 Exhibit AA, # 28 Exhibit BB, # 29 Exhibit CC, # 30 Exhibit DD, # 31 Exhibit EE) (Sweet, Jason) Modified on 3/24/2014 (myz ). (Entered: 03/20/2014) |
| 03/20/2014 | | 134 | NOTICE by Anthony Smith (Sweet, Jason) (Entered: 03/20/2014) |
| 03/07/2014 | | 133 | Acknowledgment of receipt of transcripts in Record on Appeal by USCA 7 re 102 Notice of Appeal (lmb) (Entered: 03/11/2014) |
| 03/07/2014 | | 132 | Acknowledgment of receipt of Record on Appeal by USCA 7 re 102 Notice of Appeal (lmb) (Entered: 03/11/2014) |
| 03/04/2014 | | 131 | Certified and Transmitted Record on Appeal to US Court of Appeals re 102 Notice of Appeal. (drb) (Entered: 03/04/2014) |
| 03/04/2014 | | | Record on Appeal Prepared re 102 Notice of Appeal (drb) (Entered: 03/04/2014) |
| 03/04/2014 | | 130 | Request from USCA to transmit Record on Appeal re 102 Notice of Appeal, (drb) (Entered: 03/04/2014) |
| 03/03/2014 | | 129 | NOTICE STRIKING ELECTRONICALLY FILED DOCUMENTS striking 127 Transcript. Transcript not signed or "s/" by court reporter. Document to be executed and refiled by court reporter this date.(jaj) THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 03/03/2014) |
| 03/03/2014 | 🔓 | 128 | Transcript of SHOW CAUSE HEARING held on 2/13/2014, before Judge David R. Herndon. Court Reporter/Transcriber Laura A. Blatz, Telephone number (618) 482-9481. <br><br> **NOTICE: Attorneys and unrepresented parties have 7 calendar days to file a Notice of Intent to Request Redaction of this transcript and 21 calendar days to file a Redaction Request. If redactions are not requested, the transcript will be made remotely available to the public without redaction after 90 calendar days. See the full Transcript Policy on the website at http://www.ilsd.uscourts.gov/forms/TransPolicy.pdf** |

| | | | |
|---|---|---|---|
| | | | Transcript may be viewed at the public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 3/24/2014. Redacted Transcript Deadline set for 4/3/2014. Release of Transcript Restriction set for 6/2/2014. (lb) (Entered: 03/03/2014) |
| 02/28/2014 | 🔒 | 127 | ENTRY STRICKEN - Transcript of SHOW CAUSE HEARING held on 2/13/2014, before Judge David R. Herndon. Court Reporter/Transcriber Laura A. Blatz, Telephone number (618) 482-9481.<br><br>**NOTICE: Attorneys and unrepresented parties have 7 calendar days to file a Notice of Intent to Request Redaction of this transcript and 21 calendar days to file a Redaction Request. If redactions are not requested, the transcript will be made remotely available to the public without redaction after 90 calendar days. See the full Transcript Policy on the website at http://www.ilsd.uscourts.gov/forms/TransPolicy.pdf**<br><br>Transcript may be viewed at the public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 3/21/2014. Redacted Transcript Deadline set for 3/31/2014. Release of Transcript Restriction set for 5/29/2014. (lb) Modified on 3/3/2014 (jaj). (Entered: 02/28/2014) |
| 02/19/2014 | | 126 | ORDER granting 110 Joint MOTION to Supplement the Record on Appeal by ComCast Cable Communications, LLC, ComCast Corporate Representative #1, SBC Internet Services, Inc., Anthony Smith. Appellants Paul Duffy, Paul Hansmeier, and John Steele have not responded. The Court deems appellants' failure to respond as an admission of the merits of defendants' motion. See SDIL-LR 7.1(c). Therefore, the Court GRANTS defendants' motion and DIRECTS the Clerk of the Court to supplement the record on appeal accordingly. Signed by Chief Judge David R. Herndon on 2/19/2014. (kbl)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 02/19/2014) |
| 02/19/2014 | | 125 | ORDER denying 116 Motion to Quash. Signed by Chief Judge David R. Herndon on 2/19/2014. (kbl) (Entered: 02/19/2014) |
| 02/16/2014 | | 124 | RESPONSE in Opposition re 116 MOTION to Quash *Subpoenas Issued by Anthony Smith in Violation of the Court's Stay* filed by Anthony Smith. (Sweet, Jason) (Entered: 02/16/2014) |
| 02/13/2014 | | 123 | Minute Entry for proceedings held before Chief Judge David R. Herndon: Show Cause Hearing re: 107 Joint Motion for Contempt held on 2/13/2014. Motion taken under advisement. Mr. Steele, Mr. Hansmeier and Mr. Duffy shall submit asset statements prepared by a certified public accountant on or before 2/24/2014. MOTION to Stay November 27, 2013 Order 114 filed by John Steele is denied. (Court |

|            |     | Reporter Laura Blatz.) (slj) (Entered: 02/13/2014) |
|------------|-----|---------------------------------------------------|
| 02/12/2014 | 122 | NOTICE OF ERRORS AND/OR DEFICIENCIES re 120 Motion for Leave to File, filed by Paul Hansmeier. See attached document for specifics (kek) (Entered: 02/12/2014) |
| 02/11/2014 | 121 | ORDER denying 120 Motion for Leave to File Surreply to the Defendants Joint Reply to Oppositions of Paul Duffy and Paul Hansmeier to Motion for Contempt, or in the Alternative, for an Order to Plaintiffs' Counsel to Show Cause Why They Should Not be Held in Contempt by Paul Hansmeier. Pursuant to Local Rule 7.1(c), "Under no circumstances will sur-reply briefs be accepted." Signed by Chief Judge David R. Herndon on 2/11/2014. (kbl)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 02/11/2014) |
| 02/11/2014 | 120 | MOTION for Leave to File *Surreply to the Defendants Joint Reply to Oppositions of Paul Duffy and Paul Hansmeier to Motion for Contempt, or in the Alternative, for an Order to Plaintiffs Counsel to Show Cause Why They Should Not be Held in Contempt* by Paul Hansmeier. (Attachments: # 1 Exhibit Proposed Surreply-Deleted pursuant to NOE at Document 122) (Hansmeier, Paul) Modified on 2/12/2014 (kek). (Entered: 02/11/2014) |
| 02/06/2014 | 119 | REPLY to Response to Motion re 107 Joint MOTION for Contempt *, or in the Alternative, for an Order to Plaintiffs' Counsel to Show Cause Why They Each Should Not be Held in Contempt* filed by ComCast Cable Communications, LLC, ComCast Corporate Representative #1, SBC Internet Services, Inc., Anthony Smith. (Seiver, John) (Entered: 02/06/2014) |
| 01/30/2014 | 118 | NOTICE re 112 Order. Parties may appear by phone for the Show Cause Hearing on 2/13/2014 at 9:00 AM. Call-in information: Toll Free Meeting Number (888) 684-8852, Access Code 6128101, Participant Security Code 2587. (slj) THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 01/30/2014) |
| 01/30/2014 | 117 | ORDER re 107 Joint MOTION for Contempt *, or in the Alternative, for an Order to Plaintiffs' Counsel to Show Cause Why They Each Should Not be Held in Contempt* filed by ComCast Cable Communications, LLC, Anthony Smith, SBC Internet Services, Inc., ComCast Corporate Representative #1. Defendants are DIRECTED to file a reply to 113 Memorandum in Opposition to Motion filed by Paul Hansmeier on or before 2/6/2014. Signed by Chief Judge David R. Herndon on 1/30/2014. (kbl)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 01/30/2014) |
| 01/30/2014 | 116 | MOTION to Quash *Subpoenas Issued by Anthony Smith in Violation of the Court's Stay* by Paul Duffy, Paul Hansmeier, John Steele. (Attachments: # 1 Affidavit)(Hansmeier, Paul) (Entered: 01/30/2014) |

| 01/29/2014 | 115 | MEMORANDUM in Support re 114 MOTION to Stay *November 27, 2013 Order* filed by John Steele. (Steele, John) (Entered: 01/29/2014) |
| 01/29/2014 | 114 | MOTION to Stay *November 27, 2013 Order* by John Steele. (Steele, John) (Entered: 01/29/2014) |
| 01/29/2014 | 113 | MEMORANDUM in Opposition re 107 Joint MOTION for Contempt *, or in the Alternative, for an Order to Plaintiffs' Counsel to Show Cause Why They Each Should Not be Held in Contempt* filed by Paul Hansmeier. (Attachments: # 1 Affidavit)(Hansmeier, Paul) (Entered: 01/29/2014) |
| 01/29/2014 | 112 | ORDER re 107 Joint MOTION for Contempt *, or in the Alternative, for an Order to Plaintiffs' Counsel to Show Cause Why They Each Should Not be Held in Contempt* filed by ComCast Cable Communications, LLC, Anthony Smith, SBC Internet Services, Inc., ComCast Corporate Representative #1. The defendants are DIRECTED to file a reply to 111 RESPONSE in Opposition filed by Paul Duffy on or before 2/6/2014. Further this matter is set for a Show Cause Hearing on 2/13/2014 at 09:00 AM in East St. Louis Courthouse before Chief Judge David R. Herndon. Signed by Chief Judge David R. Herndon on 1/29/2014. (kbl, )THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 01/29/2014) |
| 01/28/2014 | 111 | RESPONSE in Opposition re 107 Joint MOTION for Contempt *, or in the Alternative, for an Order to Plaintiffs' Counsel to Show Cause Why They Each Should Not be Held in Contempt* filed by Paul Duffy. (Duffy, Paul) (Entered: 01/28/2014) |
| 01/14/2014 | 110 | Joint MOTION to Supplement *the Record on Appeal* by ComCast Cable Communications, LLC, ComCast Corporate Representative #1, SBC Internet Services, Inc., Anthony Smith. (Booth, Daniel) (Entered: 01/14/2014) |
| 01/06/2014 | 109 | TRANSCRIPT INFORMATION SHEET by Court Reporter (mnc) (Entered: 01/06/2014) |
| 12/30/2013 | 108 | TRANSCRIPT INFORMATION SHEET by Attorney/Pro Se Party (Hansmeier, Paul) (Entered: 12/30/2013) |
| 12/30/2013 | | Chief Judge David R. Herndon added. Judge G. Patrick Murphy no longer assigned to case. (lmt) (Entered: 12/30/2013) |
| 12/27/2013 | 107 | Joint MOTION for Contempt *, or in the Alternative, for an Order to Plaintiffs' Counsel to Show Cause Why They Each Should Not be Held in Contempt* by ComCast Cable Communications, LLC, ComCast Corporate Representative #1, SBC Internet Services, Inc., Anthony Smith. (Seiver, John) (Entered: 12/27/2013) |
| 12/26/2013 | 106 | DESIGNATION of Record on Appeal by Paul Duffy, Paul Hansmeier, John Steele re 102 Notice of Appeal, (Hansmeier, Paul) (Entered: 12/26/2013) |

| 12/18/2013 | 105 | USCA Case Number 13-3801 for 102 Notice of Appeal, filed by Paul Hansmeier, John Steele, Paul Duffy. (Attachments: # 1 Notice of Docketing)(cds) (Entered: 12/18/2013) |
| 12/16/2013 | 104 | Rule 10 Letter. Appeal Record due to be prepared by 12/26/2013. (lmb) (Entered: 12/16/2013) |
| 12/16/2013 | 103 | Transmission of Short Record to US Court of Appeals re 102 Notice of Appeal (lmb) (Entered: 12/16/2013) |
| 12/12/2013 | 102 | NOTICE OF APPEAL as to 100 Order on Motion to Vacate, Order on Motion for Reconsideration,,,, Order on Motion for Attorney Fees,,,,,,,,,,,,,,,,,,,, 65 Order on Motion for Attorney Fees by Paul Duffy, Paul Hansmeier, John Steele. Filing fee $ 505, receipt number 0754-2145266. (Hansmeier, Paul) (Entered: 12/12/2013) |
| 12/10/2013 | 101 | Transcript of ALL PENDING MOTIONS held on 11/13/2013, before Judge G. Patrick Murphy. Court Reporter Molly Clayton, Telephone number 618.482.9226.<br><br>**NOTICE: Attorneys and unrepresented parties have 7 calendar days to file a Notice of Intent to Request Redaction of this transcript and 21 calendar days to file a Redaction Request. If redactions are not requested, the transcript will be made remotely available to the public without redaction after 90 calendar days. See the full Transcript Policy on the website at http://www.ilsd.uscourts.gov/forms/TransPolicy.pdf**<br><br>Transcript may be viewed at the public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/31/2013. Redacted Transcript Deadline set for 1/10/2014. Release of Transcript Restriction set for 3/10/2014. (mnc) (Entered: 12/10/2013) |
| 11/27/2013 | 100 | ORDER DENYING 66 Motion to Vacate/for Reconsideration by Paul Hansmeier; DENYING 68 Motion to Vacate/for Reconsideration by John Steele; DENYING 74 Motion to Vacatefiled by Paul Duffy; GRANTING 78 Motion for Attorney Fees by ComCast Cable Communications, LLC; GRANTING 82 Motion for Attorney Fees by SBC Internet Services, Inc. It is ORDERED that pursuant to 28 U.S.C § 1927, Paul Duffy, Paul Hansmeier, and John Steele are jointly and severally liable, and shall pay within 14 days of this order, attorney fees and costs to Defendant Anthony Smith in the amount of $72,367.00, to AT&T in the amount of $119,637.05, and to ComCast in the amount of $69,021.26 for a total judgment of $261,025.11, with interest as provided by law. Signed by Judge G. Patrick Murphy on 11/27/13. (klh2) (Entered: 11/27/2013) |
| 11/25/2013 | 99 | ORDER: This matter is before the Court for the purposes of docket control. In the future, any and all itemizations of fees should be filed as a supplement to the respective motion for attorney fees. Accordingly, |

| | | |
|---|---|---|
| | | 97 MOTION for Attorney Fees Supplemental Itemization filed by SBC Internet Services, Inc. and 90 MOTION for Attorney Fees Supplemental Itemization filed by Anthony Smith are terminated as pending motions. The Clerk of Court is DIRECTED to modify the docket text to reflect that 90 is a Supplemental Itemization of Fees linked to 61 MOTION for Attorney Fees filed by Anthony Smith; 97 is a Supplemental Itemization of Fees linked to 82 MOTION for Attorney Fees filed by SBC Internet Services, Inc.; and 98 is a Supplemental Itemization of Fees linked to 78 MOTION for Attorney Fees filed by ComCast Cable Communications, LLC. Signed by Judge G. Patrick Murphy on 11/25/13. (klh2) THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 11/25/2013) |
| 11/22/2013 | 98 | Supplemental Itemization of Fees re 78 by Defendant Comcast's, ComCast Cable Communications, LLC, ComCast Corporate Representative #1. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2) (Toennies, Andrew) Modified on 11/25/2013 (trb). (Entered: 11/22/2013) |
| 11/15/2013 | 97 | Supplemental Itemization of Fees re 82 by SBC Internet Services, Inc. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Bozarth, Troy) Modified on 11/25/2013 (trb). (Entered: 11/15/2013) |
| 11/13/2013 | 96 | Minute Entry for proceedings held before Judge G. Patrick Murphy: Motion Hearing held on 11/13/2013. Motions Taken Under Advisement: 66 MOTION to Vacate 65 Order on Motion for Attorney Fees/MOTION for Reconsideration re 65 Order on Motion for Attorney Fees, 74 MOTION to Vacate 65 Order on Motion for Attorney Fees, 82 MOTION for Attorney Fees, 68 MOTION for Reconsideration re 65 Order on Motion for Attorney Fees/MOTION to Vacate, 90 MOTION for Attorney Fees *Supplemental Itemization, 78 MOTION for Attorney Fees. (Court Reporter Molly Clayton.) (lmm)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 11/13/2013)* |
| 11/13/2013 | 95 | ORDER re law clerk conflict. Signed by Judge G. Patrick Murphy on 11/13/13. (lmm) (Entered: 11/13/2013) |
| 11/12/2013 | 94 | NOTICE of Hearing on 82 MOTION for Attorney Fees, 90 MOTION for Attorney Fees/Supplemental Itemization: Motion Hearing SET for 11/13/2013 at 10:00 AM in East St. Louis Courthouse before Judge G. Patrick Murphy, along with the other pending motions previously set for oral arguments at that time. (lmm)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 11/12/2013) |
| 11/12/2013 | 93 | REPLY to Response to Motion re 82 MOTION for Attorney Fees , 78 MOTION for Attorney Fees filed by Anthony Smith. (Booth, Daniel) (Entered: 11/12/2013) |
| 11/12/2013 | 92 | RESPONSE in Opposition re 66 MOTION to Vacate 65 Order on |

| | | |
|---|---|---|
| | | Motion for Attorney Fees MOTION for Reconsideration re 65 Order on Motion for Attorney Fees , 74 MOTION to Vacate 65 Order on Motion for Attorney Fees , 68 MOTION for Reconsideration re 65 Order on Motion for Attorney Fees MOTION to Vacate filed by Anthony Smith. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit)(Booth, Daniel) (Entered: 11/12/2013) |
| 11/12/2013 | 91 | NOTICE by Anthony Smith re 90 MOTION for Attorney Fees *Supplemental Itemization Notice of Hearing* (Booth, Daniel) (Entered: 11/12/2013) |
| 11/12/2013 | 90 | Supplemental Itemization of Fees re 61 by Anthony Smith. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Affidavit, # 6 Affidavit)(Booth, Daniel) Modified on 11/25/2013 (trb). (Entered: 11/12/2013) |
| 11/12/2013 | 89 | NOTICE STRIKING ELECTRONICALLY FILED DOCUMENTS striking 81 Response in Opposition to Motion filed by Anthony Smith, 84 Motion for Attorney Fees filed by Anthony Smith, 85 Notice (Other) filed by Anthony Smith. See attached document for specifics (kek) (Entered: 11/12/2013) |
| 11/11/2013 | 88 | MEMORANDUM in Opposition re 82 MOTION for Attorney Fees , 78 MOTION for Attorney Fees filed by John Steele. (Attachments: # 1 Exhibit, # 2 Exhibit)(Steele, John) (Entered: 11/11/2013) |
| 11/10/2013 | 87 | NOTICE by Paul Hansmeier re 85 Notice (Other) (Hansmeier, Paul) (Entered: 11/10/2013) |
| 11/10/2013 | 86 | RESPONSE in Opposition re 82 MOTION for Attorney Fees , 78 MOTION for Attorney Fees filed by Paul Hansmeier. (Hansmeier, Paul) (Entered: 11/10/2013) |
| 11/08/2013 | 85 | STRICKEN PURSUANT TO DOCUMENT 89 - NOTICE by Anthony Smith re 84 MOTION for Attorney Fees *Supplemental Itemization Notice of Hearing* (Booth, Daniel) Modified on 11/12/2013 (kek, ). (Entered: 11/08/2013) |
| 11/08/2013 | 84 | STRICKEN PURSUANT TO DOCUMENT 89 - MOTION for Attorney Fees *Supplemental Itemization* by Anthony Smith. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Affidavit, # 6 Affidavit)(Booth, Daniel) Modified on 11/12/2013 (kek, ) (Entered: 11/08/2013) |
| 11/08/2013 | 83 | NOTICE by SBC Internet Services, Inc. re 82 MOTION for Attorney Fees *, Notice of Hearing* (Bozarth, Troy) (Entered: 11/08/2013) |
| 11/08/2013 | 82 | MOTION for Attorney Fees by SBC Internet Services, Inc.. (Attachments: # 1 Exhibit 1)(Bozarth, Troy) (Entered: 11/08/2013) |
| 11/08/2013 | 81 | STRICKEN PURSUANT TO DOCUMENT 89 - RESPONSE in Opposition re 66 MOTION to Vacate 65 Order on Motion for Attorney Fees MOTION for Reconsideration re 65 Order on Motion for Attorney Fees , 74 MOTION to Vacate 65 Order on Motion for Attorney Fees , |

| | | |
|---|---|---|
| | | 68 MOTION for Reconsideration re 65 Order on Motion for Attorney Fees MOTION to Vacate filed by Anthony Smith. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Booth, Daniel) Modified on 11/12/2013 (kek, ) (Entered: 11/08/2013) |
| 11/08/2013 | 80 | NOTICE of Hearing on 78 MOTION for Attorney Fees: Motion Hearing SET for 11/13/2013 at 10:00 AM in East St. Louis Courthouse before Judge G. Patrick Murphy, along with the other pending motions previously set for oral arguments at that time. (lmm)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 11/08/2013) |
| 11/08/2013 | 79 | NOTICE by ComCast Cable Communications, LLC, ComCast Corporate Representative #1 re 78 MOTION for Attorney Fees *Notice of Hearing for Defendant Comcast Cable's Motion for Attorney's Fees* (Toennies, Andrew) (Entered: 11/08/2013) |
| 11/08/2013 | 78 | MOTION for Attorney Fees by ComCast Cable Communications, LLC, ComCast Corporate Representative #1. (Toennies, Andrew) (Entered: 11/08/2013) |
| 11/08/2013 | 77 | NOTICE of Hearing on 74 MOTION to Vacate 65 Order on Motion for Attorney Fees: Motion Hearing SET for 11/13/2013 at 10:00 AM in East St. Louis Courthouse before Judge G. Patrick Murphy, along with the other pending motions previously set for oral arguments at that time. (lmm)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 11/08/2013) |
| 11/07/2013 | 76 | ORDER: DENYING 73 MOTION to Continue filed by John Steele. The hearing will go forward on 11/13/2013 at 10:00 AM in East St. Louis Courthouse. Signed by Judge G. Patrick Murphy on 11/7/2013. (lmm)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 11/07/2013) |
| 11/07/2013 | 75 | MEMORANDUM in Support re 74 MOTION to Vacate 65 Order on Motion for Attorney Fees filed by Paul Duffy. (Attachments: # 1 Exhibit Declaration)(Duffy, Paul) (Entered: 11/07/2013) |
| 11/07/2013 | 74 | MOTION to Vacate 65 Order on Motion for Attorney Fees by Lightspeed Media Corporation. (Duffy, Paul) (Entered: 11/07/2013) |
| 11/06/2013 | 73 | MOTION to Continue by John Steele. (Steele, John) (Entered: 11/06/2013) |
| 11/06/2013 | 72 | ORDER: GRANTING 71 MOTION to Withdraw as Attorney filed by Lightspeed Media Corporation. Attorney Kevin T. Hoerner was local counsel not implicated in the Order at Doc. 65. Kevin Hoermer is terminated in case. Signed by Judge G. Patrick Murphy on 11/6/2013. (lmm)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: |

| | | 11/06/2013) |
|---|---|---|
| 11/06/2013 | 71 | MOTION to Withdraw as Attorney by Lightspeed Media Corporation. (Hoerner, Kevin) (Entered: 11/06/2013) |
| 11/05/2013 | 70 | NOTICE of Hearing on 66 MOTION to Vacate 65 Order on Motion for Attorney Fees/MOTION for Reconsideration re 65 Order on Motion for Attorney Fees, and 68 MOTION for Reconsideration re 65 Order on Motion for Attorney Fees/MOTION to Vacate: Motion Hearing SET for 11/13/2013 at 10:00 AM in East St. Louis Courthouse before Judge G. Patrick Murphy. (lmm)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 11/05/2013) |
| 11/04/2013 | 69 | MEMORANDUM in Support re 68 MOTION for Reconsideration re 65 Order on Motion for Attorney Fees MOTION to Vacate filed by John Steele. (Attachments: # 1 Exhibit)(Steele, John) (Entered: 11/04/2013) |
| 11/04/2013 | 68 | MOTION for Reconsideration re 65 Order on Motion for Attorney Fees , MOTION to Vacate by John Steele. (Attachments: # 1 Exhibit, # 2 Supplement)(Steele, John) (Entered: 11/04/2013) |
| 10/31/2013 | 67 | MEMORANDUM in Support re 66 MOTION to Vacate 65 Order on Motion for Attorney Fees MOTION for Reconsideration re 65 Order on Motion for Attorney Fees filed by Paul Hansmeier. (Attachments: # 1 Exhibit Declaration of Paul Hansmeier)(Hansmeier, Paul) (Entered: 10/31/2013) |
| 10/31/2013 | 66 | MOTION to Vacate 65 Order on Motion for Attorney Fees , MOTION for Reconsideration re 65 Order on Motion for Attorney Fees by Paul Hansmeier. (Hansmeier, Paul) (Entered: 10/31/2013) |
| 10/30/2013 | 65 | ORDER granting 61 Motion for Attorney Fees. Defendant shall file itemization of fees on or before 11/8/2013. Signed by Judge G. Patrick Murphy on 10/30/2013. (ktc) (Entered: 10/30/2013) |
| 05/01/2013 | 64 | REPLY to Response to Motion re 61 MOTION for Attorney Fees filed by Anthony Smith. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit)(Booth, Daniel) (Entered: 05/01/2013) |
| 04/19/2013 | 63 | RESPONSE in Opposition re 61 MOTION for Attorney Fees filed by Lightspeed Media Corporation. (Duffy, Paul) (Entered: 04/19/2013) |
| 04/08/2013 | 62 | NOTICE OF ERRORS AND/OR DEFICIENCIES re 61 Motion for Attorney Fees, filed by Anthony Smith. See attached document for specifics (tkm ) (Entered: 04/08/2013) |
| 04/05/2013 | 61 | MOTION for Attorney Fees by Anthony Smith. (Attachments: # 1 Exhibit Smith Declaration, # 2 Exhibit Guava Hearing Transcript, # 3 Exhibit Ingenuity 13 Order to Show Cause, # 4 Exhibit Sunlust Hearing Transcript, # 5 Exhibit Ingenuity 13 Verified Petition, # 6 Exhibit AF |

| | | Holdings Complaint & Assignment, # 7 Exhibit Forbes Article)(Booth, Daniel) (Entered: 04/05/2013) |
|---|---|---|
| 03/22/2013 | 60 | ORDER re 59 Notice of Voluntary Dismissal filed by Lightspeed Media Corporation. Under Federal Rule of Civil Procedure 41(a)(1)(A)(i), a Notice of Dismissal filed before Defendants have filed their answers or motions for summary judgment does not require judicial approval and is effective immediately. This is the case here. The motions to dismiss are terminated without prejudice as moot pursuant to Plaintiff's voluntary dismissal. This action is DISMISSED without prejudice and shall be closed on the docket.. Signed by Judge G. Patrick Murphy on 3/22/2013. (ktc)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 03/22/2013) |
| 03/21/2013 | 59 | NOTICE of Voluntary Dismissal by Lightspeed Media Corporation (Duffy, Paul) (Entered: 03/21/2013) |
| 03/07/2013 | 58 | ORDER granting 57 Motion to Withdraw. As Plaintiff is represented by other counsel, the Court GRANTS the motion to withdraw. *See* **SDIL-LR 83.1(g).** Attorney John L. Steele is hereby terminated from the case. Signed by Magistrate Judge Stephen C. Williams on 3/7/2013. (jls)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 03/07/2013) |
| 03/06/2013 | 57 | MOTION to Withdraw as Attorney by Lightspeed Media Corporation. (Steele, John) (Entered: 03/06/2013) |
| 11/15/2012 | 56 | ORDER granting 55 Motion to Withdraw. Attorney Paul Hansmeier has moved to withdraw from the case as counsel for Plaintiff, which is represented by multiple other counsel. The motion is GRANTED; Attorney Hansmeier is TERMINATED from the case. Signed by Magistrate Judge Stephen C. Williams on 11/15/2012. (jls)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 11/15/2012) |
| 11/14/2012 | 55 | MOTION to Withdraw as Attorney by Lightspeed Media Corporation. (Hansmeier, Paul) (Entered: 11/14/2012) |
| 11/07/2012 | 54 | NOTICE OF CANCELLATION of Hearing: today's telephonic scheduling/discovery conference is terminated.(jls)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 11/07/2012) |
| 11/07/2012 | 53 | ORDER. The Motion to Stay Discovery (Doc. 47 ) is **GRANTED.** Discovery in this case is STAYED pending resolution of the motions to dismiss (Docs. 26, 28, 36). After the motions have been resolved, the Court will set a new scheduling conference to address the scheduling and conduct of discovery. Signed by Magistrate Judge Stephen C. Williams on 11/7/2012. (jls)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 11/07/2012) |

| 11/05/2012 | 52 | REPLY to Response to Motion re 47 MOTION Motion to Defer Discovery Pending Ruling on Defendants' Outstanding Motions to Stay filed by ComCast Cable Communications, LLC, ComCast Corporate Representative #1, SBC Internet Services, Inc., Anthony Smith. (Bozarth, Troy) (Entered: 11/05/2012) |
| --- | --- | --- |
| 11/02/2012 | 51 | REPLY to Response to Motion re 36 MOTION to Dismiss for Failure to State a Claim filed by Anthony Smith. (Sweet, Jason) (Entered: 11/02/2012) |
| 10/31/2012 | 50 | RESPONSE in Opposition re 47 MOTION Motion to Defer Discovery Pending Ruling on Defendants' Outstanding Motions to Stay filed by Lightspeed Media Corporation. (Hansmeier, Paul) (Entered: 10/31/2012) |
| 10/29/2012 |  | Set/Reset Deadlines as to 47 MOTION Motion to Defer Discovery Pending Ruling on Defendants' Outstanding Motions to Stay. Responses due by 10/31/2012 Replies due by 11/5/2012. (jaj) (Entered: 10/29/2012) |
| 10/26/2012 | 49 | Minute Entry for Telephonic Scheduling & Discovery Conference held before Magistrate Judge Stephen C. Williams on 10/25/2012. Appearing for Plaintiff: Paul Hansmeier, Kevin Hoerner, and John Steele; for Defendant Smith: Daniel Booth; for AT&T Defendants: Troy Bozarth and Bart Huffman; for ComCast Defendants: John Seiver and Andy Toennies. The court set a truncated briefing schedule for the motion to defer discovery (which is really a motion to stay) filed by Defendants. Plaintiff's response to the motion to stay (Doc. 47) shall number 10 pages or less and shall be due on or before 10/31/2012. Defendants' reply brief shall number 5 pages or less and shall be due on or before 11/5/2012. The case is RESET for another Telephonic Scheduling / Discovery Conference (and if necessary any argument on the motion to stay) before Magistrate Judge Williams on **11/7/2012 at 03:00 PM**. (Court Reporter n/a.) (jls)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 10/26/2012) |
| 10/25/2012 | 48 | NOTICE OF ERRORS AND/OR DEFICIENCIES re 47 Motion for Miscellaneous Relief, filed by ComCast Cable Communications, LLC, Anthony Smith, SBC Internet Services, Inc., ComCast Corporate Representative #1. At time of filing, Document 47 should have been linked to the various pending motions referenced. Clerk has linked entry to pending motions to dismiss and edited the docket text to reflect Motion to Dismiss instead of Motion to Stay as referenced in initial docket text. NO ACTION REQUIRED -- THIS NOTICE IS FOR INFORMATIONAL PURPOSES ONLY.(drb) (Entered: 10/25/2012) |
| 10/24/2012 | 47 | MOTION to Defer Discovery Pending Ruling on Defendants' Outstanding 26 28 36 Motions to Dismiss by ComCast Cable Communications, LLC, ComCast Corporate Representative #1, SBC Internet Services, Inc., Anthony Smith. (Bozarth, Troy) Modified on 10/25/2012 (drb). (Entered: 10/24/2012) |

| 10/23/2012 | 46 | NOTICE STRIKING ELECTRONICALLY FILED DOCUMENTS striking 45 Notice (Other) filed by Lightspeed Media Corporation. Joint Report of Parties are to be e-mailed to the appropriate Judge's in box, not filed on the docket. Entry stricken, document deleted this date by Clerk's Office Staff. Per chambers, a copy was e-mailed and received 10/22/2012. No further action required at this time. (jaj)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 10/23/2012) |
| 10/22/2012 | 45 | ENTRY STRICKEN - NOTICE by Lightspeed Media Corporation *Joint Report Of The Parties And Proposed Scheduling And Discovery Order* (Duffy, Paul) Modified on 10/23/2012 (jaj). (Entered: 10/22/2012) |
| 10/22/2012 | 44 | RESPONSE in Opposition re 36 MOTION to Dismiss for Failure to State a Claim filed by Lightspeed Media Corporation. (Duffy, Paul) (Entered: 10/22/2012) |
| 10/17/2012 | 43 | NOTICE OF ERRORS AND/OR DEFICIENCIES re 42 Response filed by ComCast Cable Communications, LLC, ComCast Corporate Representative #1. See attached document for specifics (jaj)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 10/17/2012) |
| 10/15/2012 | 42 | RESPONSE to 39 Response in Opposition to Motion *to Dismiss* filed by ComCast Cable Communications, LLC, ComCast Corporate Representative #1. (Seiver, John) (Entered: 10/15/2012) |
| 10/11/2012 | 41 | NOTICE of Scheduling and Discovery Conference: Scheduling/Discovery Conference set for 10/25/2012 at 3:30 PM via Telephone Conference before Magistrate Judge Stephen C. Williams. (amv) (Entered: 10/11/2012) |
| 10/01/2012 | 40 | MEMORANDUM in Opposition re 26 MOTION to Dismiss for Failure to State a Claim filed by Lightspeed Media Corporation. (Duffy, Paul) (Entered: 10/01/2012) |
| 10/01/2012 | 39 | RESPONSE in Opposition re 28 MOTION to Dismiss *Plaintiff's First Amended Complaint* filed by Lightspeed Media Corporation. (Duffy, Paul) (Entered: 10/01/2012) |
| 09/28/2012 | 38 | CJRA TRACK B assigned: Jury Trial set for presumptive month 10/2013 in East St. Louis Courthouse before Judge G. Patrick Murphy. Signed by Judge G. Patrick Murphy on 9/28/2012. (lmm) (Entered: 09/28/2012) |
| 09/18/2012 | 37 | MEMORANDUM in Support re 36 MOTION to Dismiss for Failure to State a Claim filed by Anthony Smith. (Attachments: # 1 Exhibit A) (Booth, Daniel) (Entered: 09/18/2012) |
| 09/18/2012 | 36 | MOTION to Dismiss for Failure to State a Claim by Anthony Smith. Responses due by 10/22/2012 (Booth, Daniel) (Entered: 09/18/2012) |
| 09/12/2012 | 35 | ORDER granting 30 Motion to Appear Pro Hac Vice for attorney Dan |

| | | Booth and granting 31 Motion to Appear Pro Hac Vice for attorney Jason Sweet, both on behalf of Defendant Anthony Smith on 9/12/2012. (jaj)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 09/12/2012) |
|---|---|---|
| 09/11/2012 | 34 | ORDER granting 33 Motion for Extension of Time to Answer. Defendant Smith shall file answer or responsive pleading on or before 9/20/2012. Signed by Judge G. Patrick Murphy on 9/11/2012. (ktc) THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 09/11/2012) |
| 09/10/2012 | 33 | MOTION for Extension of Time to File Answer *or Otherwise Respond to Complaint* by Anthony Smith. (Attachments: # 1 Exhibit Summons - St. Clair County)(Booth, Daniel) (Entered: 09/10/2012) |
| 09/10/2012 | 32 | NOTICE of Appearance by Daniel G. Booth on behalf of Anthony Smith (Booth, Daniel) (Entered: 09/10/2012) |
| 09/10/2012 | 31 | MOTION to Appear Pro Hac Vice *by Attorney Jason Sweet* by AttorneyDaniel G. Booth $100 fee paid,receipt number 0754-1779103 by on behalf of Anthony Smith. (Booth, Daniel) (Entered: 09/10/2012) |
| 09/10/2012 | 30 | MOTION to Appear Pro Hac Vice by AttorneyDaniel G. Booth $100 fee paid,receipt number 0754-1779083 by on behalf of Anthony Smith. (Booth, Daniel) (Entered: 09/10/2012) |
| 08/30/2012 | 29 | Transcript of MOTION FOR DISCOVERY held on 08/20/2012, before Judge G. Patrick Murphy. Court Reporter Molly N. Clayton, (618) 482.9226.<br><br>**NOTICE: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. This policy is located on our website at www.ilsd.uscourts.gov/Forms/CMECFTranscriptPolicy.pdf.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/20/2012. Redacted Transcript Deadline set for 10/1/2012. Release of Transcript Restriction set for 11/28/2012. (mnc) (Entered: 08/30/2012) |
| 08/29/2012 | 28 | MOTION to Dismiss *Plaintiff's First Amended Complaint* by ComCast Cable Communications, LLC, ComCast Corporate Representative #1. Responses due by 10/1/2012 (Attachments: # 1 Comcast's Memorandum of Law in Support of Its Motion to Dismiss Plaintiff's First Amended Complaint, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C) (Seiver, John) (Entered: 08/29/2012) |

| 08/29/2012 | 27 | MEMORANDUM in Support re 26 MOTION to Dismiss for Failure to State a Claim filed by SBC Internet Services, Inc.. (Bozarth, Troy) (Entered: 08/29/2012) |
|---|---|---|
| 08/29/2012 | 26 | MOTION to Dismiss for Failure to State a Claim by SBC Internet Services, Inc.. Responses due by 10/1/2012 (Bozarth, Troy) (Entered: 08/29/2012) |
| 08/21/2012 | 25 | ORDER granting 22 Motion to Appear Pro Hac Vice for Attorney John Seiver for Defendants ComCast Cable Communications LLC and ComCast Corporate Representative #1 on 8/21/2012. (jaj)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 08/21/2012) |
| 08/21/2012 | 24 | ORDER granting 21 Motion to Appear Pro Hac Vice for attorney Paul Hansmeier on behalf of Plaintiff Lightspeed Media Corporation on 8/21/2012. (jaj) (Entered: 08/21/2012) |
| 08/20/2012 | 23 | Minute Entry for proceedings held before Judge G. Patrick Murphy: Motion Hearing held on 8/20/2012. DENYING 9 Emergency MOTION for Discovery Prior to the Rule 26(f) Conference filed by Lightspeed Media Corporation. (Court Reporter Molly Clayton.) (lmm)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 08/20/2012) |
| 08/20/2012 | 22 | MOTION to Appear Pro Hac Vice by AttorneyJohn D. Seiver by on behalf of ComCast Cable Communications, LLC, ComCast Corporate Representative #1. (Attachments: # 1 Certificate of Good Standing) (Seiver, John) (Entered: 08/20/2012) |
| 08/20/2012 | 21 | MOTION to Appear Pro Hac Vice by AttorneyPaul Hansmeier by on behalf of Lightspeed Media Corporation. (Hansmeier, Paul) (Entered: 08/20/2012) |
| 08/20/2012 | 20 | NOTICE of Appearance by John L. Steele on behalf of Lightspeed Media Corporation (Steele, John) (Entered: 08/20/2012) |
| 08/20/2012 | 19 | NOTICE STRIKING ELECTRONICALLY FILED DOCUMENTS striking 15 Motion to Appear Pro Hac Vice filed by Lightspeed Media Corporation. See attached document for specifics (jaj) (Entered: 08/20/2012) |
| 08/20/2012 | 18 | ORDER granting 12 Motion to Appear Pro Hac Vice for attorney Bart W. Hoffman on behalf of Defendants SBC Internet Services, Inc and AT&T Corporate Representative No 1 on 8/20/2012. (jaj)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 08/20/2012) |
| 08/20/2012 | 17 | NOTICE STRIKING ELECTRONICALLY FILED DOCUMENTS striking 13 Motion to Appear Pro Hac Vice, filed by ComCast Cable Communications, LLC, ComCast Corporate Representative #1. See attached document for specifics (jaj) (Entered: 08/20/2012) |
| 08/20/2012 | 16 | NOTICE STRIKING ELECTRONICALLY FILED DOCUMENTS |

| | | |
|---|---|---|
| | | striking 11 Notice of Appearance filed by Lightspeed Media Corporation. See attached document for specifics (jaj) (Entered: 08/20/2012) |
| 08/20/2012 | 15 | ENTRY STRICKEN - MOTION to Appear Pro Hac Vice by AttorneyPaul A. Duffy $100 fee paid,receipt number 0754-1762255 by on behalf of Lightspeed Media Corporation. (Duffy, Paul) Modified on 8/20/2012 (jaj). (Entered: 08/20/2012) |
| 08/20/2012 | 14 | RESPONSE in Opposition re 9 Emergency MOTION for Discovery *Prior to the Rule 26(f) Conference*Emergency MOTION for Discovery *Prior to the Rule 26(f) Conference*Emergency MOTION for Discovery *Prior to the Rule 26(f) Conference* filed by SBC Internet Services, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G)(Bozarth, Troy) (Entered: 08/20/2012) |
| 08/20/2012 | 13 | ENTRY STRICKEN - MOTION to Appear Pro Hac Vice *by Attorney John D. Seiver* by AttorneyAndrew G. Toennies $100 fee paid,receipt number 0754-1762199 by on behalf of ComCast Cable Communications, LLC, ComCast Corporate Representative #1. (Toennies, Andrew) Modified on 8/20/2012 (jaj). (Entered: 08/20/2012) |
| 08/17/2012 | 12 | MOTION to Appear Pro Hac Vice by AttorneyBart Westcott Huffman $100 fee paid,receipt number 0754-1761679 by on behalf of AT&T Corporate Represenative #1, SBC Internet Services, Inc.. (Huffman, Bart) (Entered: 08/17/2012) |
| 08/17/2012 | 11 | ENTRY STRICKEN - NOTICE of Appearance by Paul A. Duffy on behalf of Lightspeed Media Corporation (Duffy, Paul) Modified on 8/20/2012 (jaj). (Entered: 08/17/2012) |
| 08/17/2012 | 10 | ORDER Setting Hearing on Motion 9 Emergency MOTION for Discovery. Motion Hearing set for 8/20/2012 03:00 PM in East St. Louis Courthouse before Judge G. Patrick Murphy. Signed by Judge G. Patrick Murphy on 8/17/2012. (ktc)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 08/17/2012) |
| 08/16/2012 | 9 | Emergency MOTION for Discovery *Prior to the Rule 26(f) Conference* by Lightspeed Media Corporation. (Attachments: # 1 Exhibit Declaration, # 2 Exhibit Judge Howell Order, # 3 Exhibit Complaint, # 4 Exhibit Order Granting Discovery, # 5 Exhibit Motion to Quash, # 6 Exhibit Order Denying Motion to Quash, # 7 Exhibit Motion to Stay, # 8 Exhibit Order Denying Motion to Stay, # 9 Exhibit Motion for Supervisory Order, # 10 Exhibit Order Granting Motion, # 11 Exhibit Amended Complaint, # 12 Exhibit Cease and Desist Letter)(Duffy, Paul) (Entered: 08/16/2012) |
| 08/16/2012 | 8 | NOTICE of Appearance by Andrew G. Toennies on behalf of ComCast Corporate Representative #1 (Toennies, Andrew) (Entered: 08/16/2012) |

| 08/14/2012 | 7 | NOTICE of Appearance by Andrew G. Toennies on behalf of ComCast Cable Communications, LLC (Toennies, Andrew) (Entered: 08/14/2012) |
| --- | --- | --- |
| 08/14/2012 | 6 | ORDER OF RECUSAL. Judge William D. Stiehl recused. Case reassigned to Judge G. Patrick Murphy for all further proceedings. Signed by Judge William D. Stiehl on 8/14/2012. (bjw) (Entered: 08/14/2012) |
| 08/13/2012 | 5 | DISCLOSURE OF INTERESTED PARTIES *Corporate Disclosure Statement* by ComCast Cable Communications, LLC, ComCast Corporate Representative #1.(Toennies, Andrew) (Entered: 08/13/2012) |
| 08/13/2012 | 4 | CONSENT to Removal byComCast Corporate Representative #1, ComCast Cable Communications, LLC. (Toennies, Andrew) (Entered: 08/13/2012) |
| 08/09/2012 | 3 | Corporate Disclosure Statement by SBC Internet Services, Inc.. (Bozarth, Troy) (Entered: 08/09/2012) |
| 08/09/2012 | 2 | NOTICE OF REMOVAL by SBC Internet Services, Inc. from St. Clair County, case number 11-L-683. ( Filing fee $ 350 receipt number 0754-1755201) (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit A-1 A-1 First Amended Complaint, # 3 Exhibit A-2 Original Complaint, # 4 Exhibit A-3 Order granting leave to file, # 5 Exhibit B (1 of 23), # 6 Exhibit B (2 of 23), # 7 Exhibit B (3 of 23), # 8 Exhibit B (4 of 23), # 9 Exhibit B (5 of 23), # 10 Exhibit B (6 of 23), # 11 Exhibit B (7 of 23), # 12 Exhibit B (8 of 23), # 13 Exhibit B (9 of 23), # 14 Exhibit B (10 of 23), # 15 Exhibit B (11 of 23), # 16 Exhibit B (12 of 23), # 17 Exhibit B (13 of 23), # 18 Exhibit B (14 of 23), # 19 Exhibit B (15 of 23), # 20 Exhibit B (16 of 23), # 21 Exhibit B (17 of 23), # 22 Exhibit B (18 of 23), # 23 Exhibit B (19 of 23), # 24 Exhibit B (20 of 23), # 25 Exhibit B (21 of 23), # 26 Exhibit B (22 of 23), # 27 Exhibit B (23 of 23)) (Bozarth, Troy) (Entered: 08/09/2012) |
| 08/09/2012 | 1 | Case Opened. Documents may now be electronically filed. Case number 12-cv-889-WDS/SCW must be placed on all documents prior to filing them electronically. (Attachments: # 1 Consent to Proceed before a Magistrate Judge)(jlrr ) (Entered: 08/09/2012) |