**Appeal No. 15-2440**

# UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| LIGHTSPEED MEDIA CORPORATION, ) <br> Plaintiff, ) <br>  ) <br> v.  ) <br>  ) <br> ANTHONY SMITH,  ) <br> Defendant-Appellee ) <br>  ) <br> APPEAL OF: PAUL HANSMEIER, ) <br> Attorney | Appeal from the United States <br> District Court for the Southern <br> District of Illinois <br><br> District Court Case No. <br> 3:12-cv-889-DRH-SCW <br><br> The Honorable David Herndon <br> Judge Presiding |

## APPELLEE'S RULE 3(c) DOCKETING STATEMENT

Pursuant to Circuit Rule 3(c)(1), appellee Anthony Smith respectfully submits this docketing statement because appellant Paul Hansmeier's docketing statement is not complete and correct.

The district court had subject matter jurisdiction under 28 U.S.C. § 1331 because the complaint alleged violations of 18 U.S.C. § 1030 and supplemental jurisdiction over the plaintiff's additional state-law claims, which were all part of the same case or controversy, under 28 U.S.C. § 1367 (a). Plaintiff voluntarily dismissed all claims without prejudice. The district court had retained jurisdiction to consider sanctions. *Dunn v. Gull*, 990 F. 2d 348, 350 (7th Cir. 1993) (*citing Cooter & Gell v. Hartmarx Corp.*, 496

U.S. 384 (1990)). It sanctioned three of plaintiffs' attorneys under 28 U.S.C. § 1927, then ordered additional sanctions and held them in civil contempt for failing to pay the earlier sanctions award. The attorneys appealed both sanctions orders. Appeal Nos. 13-3801 & 14-1682. The Court affirmed. 761 F.3d 699 (7th Cir. 2014).

Two of those attorneys are appealing later sanctions orders. Paul Hansmeier takes this appeal from a June 5, 2015 order that again held him in civil contempt and imposed sanctions for his contemptuous statements in court. Hansmeier filed his notice of appeal on July 6, 2015. John Steele's related appeal, consolidated for purposes of briefing and disposition, is from a July 23, 2015 order sanctioning him for obstructing discovery. Appeal No. 15-2862. Steele filed his notice of appeal on August 7, 2015.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1291 because an order imposing specific sanctions on plaintiff's counsel after a case is dismissed without prejudice is a final order for purposes of appeal. *De Manez v. Bridgestone Firestone N. Am. Tire, LLC*, 533 F.3d 578, 583-84 (7th Cir. 2008).

Dated:  August 14, 2015  Respectfully submitted,

/s/ Dan Booth
Dan Booth
Jason Sweet
Booth Sweet LLP
32R Essex Street
Cambridge, MA 02130
(617) 250-8602

Attorneys for Appellee Anthony Smith

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2015, I electronically filed Anthony Smith's foregoing Rule 3(c) docketing statement with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I further certify that on this date I will send a copy of the foregoing via email to the Settlement Conference Office as directed by the Notice of Rule 33 Conference.

/s/ Dan Booth
Dan Booth