## Appeal No. 15-2440

## UNITED STATES COURT OF APPEALS
## FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| LIGHTSPEED MEDIA CORPORATION, )<br>Plaintiff, )<br> )<br>v. )<br> )<br>ANTHONY SMITH, )<br>Defendant-Appellee )<br> )<br> )<br>APPEAL OF: PAUL HANSMEIER, )<br>Attorney | Appeal from the United States<br>District Court for the Southern<br>District of Illinois<br><br>District Court Case No.<br>3:12-cv-889-DRH-SCW<br><br>The Honorable David Herndon<br>Judge Presiding |

### ANTHONY SMITH'S RESPONSE TO PAUL HANSMEIER'S
### MOTION TO STAY APPELLATE PROCEEDINGS

Pursuant to Federal Rule of Appellate Procedure 27(a)(3) and the Court's August 18, 2015 Order (Doc. 16), appellee Anthony Smith hereby responds to appellant Paul Hansmeier's motion to stay the proceedings (Doc. 15). Hansmeier's motion should be denied because the automatic stay provisions of 11 U.S.C. § 362(a) do not apply to his appeal and the "police power" exception of 11 U.S.C. § 362(b)(4) exempts this case from the stay.

## I.     The Court has jurisdiction to construe the automatic stay.

"The applicability of the automatic stay provision is a question of law within the competence of the judiciary." *NLRB v. P*I*E Nationwide, Inc.*,

923 F.2d 506, 512 (7th Cir. 1991) (citing *NLRB v. Edward Painting, Inc.*,

804 F.2d 934, 938-39 (6th Cir. 1986) and *In re Baldwin-United Corp.*

*Litig.*, 765 F.2d 343, 347 (2d Cir. 1985)). Section 362(a)[1] "requires

interpretation... it is settled that both the bankruptcy court and the court in

which the other litigation exists may construe the automatic stay." *In re*

---

[1] 11 U.S.C. § 362(a) provides in full:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of --

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

(4) any act to create, perfect, or enforce any lien against property of the estate;

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

(7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and

(8) the commencement or continuation of a proceeding before the United States Tax Court concerning a tax liability of a debtor that is a corporation for a taxable period the bankruptcy court may determine or concerning the tax liability of a debtor who is an individual for a taxable period ending before the date of the order for relief under this title.

*Mahurkar Double Lumen Hemodialysis Catheter Patent Litig.*, 140 B.R. 969, 973 (N.D. Ill. 1992) (Easterbrook, J.) (court has "authority to construe § 362 and decide what effect that statute has" on case before it) (collecting cases); *accord FTC v. QT, Inc.*, 359 B.R. 889, 890-91 (N.D. Ill. 2007).

## II.     The automatic stay under Section 362(a) does not apply.

Hansmeier claims that the automatic stay is in effect but he does not identify which of the Section's clauses applies, and none do. "The automatic stay provisions under section 362(a) address actions taken against the debtor or the property of the debtor's estate." *QT, Inc.*, 359 B.R. at 891. "Title 11 U.S.C. § 362(a) provides that all *collection activities* taken or suits brought *against a debtor* must cease when he or she files for bankruptcy." *Berg v. Good Samaritan Hosp. (In re Berg)*, 230 F.3d 1165, 1167 (9th Cir. 2000) (emphasis added). "The provisions of 11 U.S.C. § 362(a) stay the commencement and continuation of actions *against the debtor*, 11 U.S.C. § 362(a)(1), (2), (6), (7), *against the property of the estate, id.* § 362(a)(2), (3), (4) (5), or actions before the United States Tax Court *concerning the debtor, id.* § 362(a)(8)." *United States v. Nicolet, Inc.*, 857 F.2d 202, 206 (3d Cir. 1988) (emphasis in original). Because this is not an action against the debtor or property of his estate, and the Tax Court is not involved, there are no circumstances that would trigger the automatic stay.

3

**A.    This appeal does not continue an action against the debtor.**

The district court action was not "against the debtor" within the meaning of 11 U.S.C. § 362(a)(1) because Hansmeier was not a defendant. He was one of the plaintiff's attorneys, sanctioned repeatedly after the plaintiff dismissed all claims, including in the contempt order on appeal.___

"Whether a suit is 'against the debtor' depends on the party's status at the time the initial action was filed." *McDonough Assocs., Inc. v. Grunloh*, 722 F.3d 1043, 1048 n.3 (7th Cir. 2013). "[W]hether an action is by or against a debtor is determined by the debtor's status at the time the action was begun, not by who was ahead when the bankruptcy petition was filed." *In re Berry Estates, Inc.*, 812 F.2d 67, 71 (2d Cir. 1987). "If the initial proceeding is not against the debtor, subsequent appellate proceedings are also not against the debtor within the meaning of the automatic stay provisions of the Bankruptcy Code." *Freeman v. Comm'r of Internal Revenue*, 799 F.2d 1091, 1093 (5th Cir. 1986).

The stay generally does not apply to an attorney debtor's appeal from sanctions imposed on the debtor as litigation counsel, under the 11 U.S.C. § 362(b)(4) "police power" exception discussed further below. *See In re Berg*, 230 F.3d at 1166-67; *United States v. Coulton*, 594 Fed. App'x 563, 567 (11th Cir. 2014) (per curiam); *Maritan v. Todd*, 203 B.R. 740, 741-44 (N.D.

Okla. 1996); *In re Betts*, 165 B.R. 233, 240 (Bankr. N.D. Ill. 1994); *O'Brien v. Fischel*, 74 B.R. 546, 560 (D. Haw. 1987) ("Courts have an interest in punishing professional misconduct ... the discouragement of such pleading practices [violating Rule 11] is a valid regulatory concern of this court"); *In re Sanctions Against Meyers*, No. 4:12-MC-015-A, 2014 U.S. Dist. LEXIS 64191, *34 (N.D. Tex. May 9, 2014) (affirming Rule 11 and 28 U.S.C. § 1927 sanctions; "Only the slightest legal research, if she did not already know the answer, would have told [the attorney] that by reason of 11 U.S.C. § 362(b)(4) her bankruptcy filing did not stay sanctions actions as to her[.]"), *aff'd sub nom. Meyers v. Textron Fin'l Corp.*, No. 14-10676, 2015 U.S. App. LEXIS 5736 (5th Cir. Apr. 9, 2015).

Section 362(a)(1) would stay an appeal from a suit originally brought against the debtor. Hansmeier cites two cases that apply this rule, though they do not support his claim that the stay applies to this appeal. Doc. 16 (citing *Sheldon v. Munford, Inc.*, 902 F.2d 7 (7th Cir. 2004) and *In re Byrd*, 357 F.3d 433, 439 (4th Cir. 2004) ("The plain language of Section 362 stays appellate proceedings in actions *originally brought against the debtor*, even when it is the debtor who files the appeal.") (emphasis added)). The underlying action was against Smith, and Hansmeier's status in the district court as a non-party attorney is no basis for staying his appeal.

**B.     This action is not against property of the bankruptcy estate.**

The action is also not against any property of Hansmeier's bankruptcy estate. The underlying case is not an enforcement action or other collection activity. *Nicolet*, 857 F.2d at 209 ("By simply permitting the government's claim to be reduced to a judgment, no seizure of property takes place."). Likewise, no party seeks to enforce the contempt sanctions. Affirmance of the sanctions on appeal is not proscribed by the automatic stay. *See In re Berg*, 230 F.3d at 1167; *Maritan*, 203 B.R. at 741-44.

Further, Hansmeier's bankruptcy filings specified that the debt will be fully covered by his co-debtor "outside of the plan" so property of the bankruptcy estate would not be at risk in a subsequent enforcement action. The district court jointly sanctioned Hansmeier and his co-counsel John Steele "in the amount of $65,263.00 for their contemptuous statements in court." Doc. 1-1 p. 56 (Order, Doc. 199, *Lightspeed Media Corp. v. Smith* (S.D. Ill. filed June 5, 2015)). Hansmeier's Chapter 13 Plan provides, "This debt in the amount of $65,000.00 [*sic*] will be paid in full by codefendant [Steele] outside of the plan within 30 days." Form 3015-1 - Chapter 13 Plan p. 3, *In re Paul Hansmeier*, Case No. 15-42460 (Bankr. D. Minn. filed July

13, 2015) (discussing the "Anthony Smith matter").[2] Consistent with that Chapter 13 Plan, Steele wire transferred that $65,000 to the district court, which is holding it for distribution after this appeal. Doc. 216, Minute Order Regarding Motion to Stay, *Lightspeed Media Corp.* (S.D. Ill. filed Aug. 10, 2015).[3] Because those funds came from Steele, not Hansmeier or his estate, this appeal is not against property of or from the estate within the meaning of Section 362(a). *Cf. Duplitronics, Inc. v. Concept Design Elecs. & Mfg. (In re Duplitronics, Inc.)*, 183 B.R. 1010, 1014 (Bankr. N.D. Ill. 1995) ("If the bond is not property of a debtor, as property is defined in the Bankruptcy Code, it is not property of the debtor's estate."). Hansmeier's estate has no financial stake in this appeal, so his bankruptcy is no grounds for a stay. *See United States v. Pellulo*, 178 F.3d 196, 202-03 (3d Cir. 1999) (automatic stay provision did not apply to property outside bankruptcy estate).

---

[2] The Court may take judicial notice of the bankruptcy case, as Hansmeier agrees (Doc. 15 p. 1), and of his filings therein. The Court has "the power to take judicial notice of 'proceedings in other courts, both within and outside of the federal judicial system, if the proceedings have a direct relation to matters at issue.'" *United States v. Hope*, 906 F.2d 254, 260 n. 1 (7th Cir. 1990) (quoting *Green v. Warden, U.S. Penitentiary*, 699 F.2d 364, 369 (7th Cir. 1983)). A true and correct copy of Hansmeier's Chapter 13 plan is submitted herewith as Exhibit A.

[3] The Court may take judicial notice of the order. "This court ... has the power, in fact the obligation, to take judicial notice of the relevant decisions of courts and administrative agencies, whether made before or after the decision under review." *Opaka v. INS*, 94 F.3d 392, 394 (7th Cir 1996). A true and correct copy of the order is submitted herewith as Exhibit B.

A stay is especially improper where, despite Hansmeier's appeal, he has indicated that the debt is not disputed. In a schedule to his bankruptcy petition, he designated certain other pending and final judgments and sanction awards against him as contingent, unliquidated or disputed, but not his debt to Smith from the award on appeal. Voluntary Petition pp. 16-17 (Schedule F - Creditors Holding Unsecured Nonpriority Claims), *In re Paul Hansmeier* (Bankr. D. Minn. filed July 13, 2015).[4] Of the several other sanctions and judgments pending against him, he disputes only two: $81,319.72 in sanctions due to John Doe and a $64,180.00 judgment in favor of Sandipan Chowdhury. *Id.*; *see also id.* pp. 19-22 (listing Steele among other codebtors for the debts to Smith, Doe and Chowdhury). Hansmeier's appeals of his debts to both Doe and Chowdhury are pending.[5] Yet he does not dispute the debt to Smith, so Hansmeier cannot have any proper purpose in this appeal. And because he concedes that Steele will pay in full, the debt will not burden the bankruptcy estate. *In re Shippers Interstate Serv., Inc.*, 618 F.2d 9, 10 (7th Cir. 1980) (bankruptcy petition

---

[4] The Court may take judicial notice of the bankruptcy petition. *Hope*, 906 F.2d at 260 n. 1. A true and correct copy is submitted herewith as Exhibit C.

[5] *See generally* Appellants' Opening Brief, *Ingenuity 13, LLC v. Doe*, No. 13-55859 (9th Cir. filed Nov. 18, 2013); Appellants' Opening Brief, *AF Holdings, LLC v. Chowdhury*, No, 13-2535 (1st Cir. filed July 17, 2014). The Court may take judicial notice of the appeals. *Hope*, 906 F.2d at 260 n. 1.

does not operate as a stay "when the assets of the bankrupt estate are not threatened and the bankrupt estate is being reorganized and not liquidated") (construing Section 362(b)(4) under prior bankruptcy law).

The bankruptcy stay does not extend to "non-bankrupt third parties," *Fox Valley Constr. Workers v. Pride of the Fox Masonry & Expert Restorations*, 140 F.3d 661, 666 (7th Cir. 1998), or to "nonbankrupt co-defendants," *Pitts v. Unarco Indus.*, 698 F.2d 313, 314 (7th Cir. 1983). The stay is applicable to "actions against the bankrupt or to seizures of property of the bankrupt." *Martin-Trigona v. Champion Fed. Sav. & Loan Ass'n*, 892 F.2d 575, 577 (7th Cir. 1989) (citations omitted). This case is neither.

## C.    The stay does not apply to this appeal.

This appeal is not from an action brought against Hansmeier, is not an enforcement action, and is not against property of his estate, so none of the provisions of Section 362(a)(1)-(7) apply. The final clause, Section 362 (a)(8), is also inapplicable because the Tax Court is not involved. Therefore, the Section 362(a) stay does not apply to Hansmeier's appeal of contempt sanctions in this case originally brought against Smith.

Because the stay does not apply to the sanctions order, it also does not stay an appeal from that order. *Alpern v. Lieb*, 11 F.3d 689, 690 (7th Cir. 1990); *Maritan*, 203 B.R. at 741-44 (citing *Alpern* among others).

9

Appellant's bankruptcy proceedings, commenced after the order appealed from,[6] "do[] not prevent our decision in this appeal" where the automatic stay does not apply. *McDonough Assocs., Inc.*, 722 F.3d at 1048 n.3.

## III.   The police power exception to the automatic stay applies.

Even if this case were otherwise subject to the automatic stay, the exception set forth in Section 362(b)(4)[7] would apply. "[S]ection 362(b)(4) excepts a governmental unit enforcing a police or regulatory power." *NLRB v. P\*I\*E Nationwide, Inc.*, 923 F.2d 506, 512 (7th Cir. 1991). Due to the "police power" exception, the bankruptcy petition does not stay this appeal.

## A.   The district court is a governmental unit.

A federal court is a governmental unit. As defined in the Bankruptcy Code, "governmental unit" includes the United States and its departments,

---

[6] The contempt sanctions order against Hansmeier was final when entered on June 5, 2015. *See* Doc. 1-1 p. 1; Doc. 14 p. 2. He filed his bankruptcy petition on July 13, 2015. Exhibit C.

[7] 11 U.S.C. § 362(b) provides in pertinent part:
(b) The filing of a petition filed under section 301, 302, or 303 of this title … does not operate as a stay--
…
(4) under paragraph (1), (2), (3), or (6) of subsection (a) of this section, of the commencement or continuation of an action or proceeding by a governmental unit … to enforce such governmental unit's … police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's … police or regulatory power[.]

agencies and instrumentalities. 11 U.S.C. § 101(27). "The legislative history states that the definition of 'governmental unit' was intended to be construed in the 'broadest sense.'" *Attorney Registration & Disciplinary Comm'n v. Betts*, 149 B.R. 891, 896 (Bankr. N.D. Ill. 1993) (citing H.R. Rep. No. 95-696 (1977), as reprinted in 1978 U.S.C.C.A.N. 5787, 6268). When a federal district court imposes sanctions on a litigant, the "sanction is meted out by a governmental unit, the court[.]" *Alpern*, 11 F.3d at 690; *cf. O'Brien*, 74 B.R. at 549 ("the Federal judiciary branch" is the governmental unit imposing sanctions). The district court "was either the United States or an instrumentality of the United States within the meaning of § 101(27) because the court was carrying out a governmental function in taking the actions that it took." *RDLG, LLC v. Leonard (In re Leonard)*, No. 12-51821, 2014 Bankr. LEXIS 1001, *36 (Bankr. E.D. Tenn. Mar. 14, 2014).

The police power exception applies to the judicial governmental unit even though the sanctions motion "was filed by a private person." *Alpern*, 11 F.3d at 690. "The private enforcer, sometimes called a 'private attorney general,' can be viewed as an agent of the 'governmental unit,' the federal judiciary, that promulgated Rule 11 in order to punish unprofessional behavior." *Id.* "[A] governmental investigation is 'brought' by the government even if a private party's complaint incited the investigation."

*Coulton*, 594 Fed. App'x at 566 (citing *U.S. Int'l Trade Comm'n v. Jaffe*, 433 B.R. 538, 544 (E.D. Va. 2010)). "*Alpern* sees the movant for sanctions as both a private actor and a governmental surrogate enforcing the judiciary's regulatory power through the mechanism of a sanction." *Id.* (citing *Alpern*, 11 F.3d at 690). "Thus, Section 362(b)(4) applies in this action because the judiciary, acting through [the defendant/appellee] as a surrogate, in effect 'brought' the contempt proceeding." *Id.*

**B.  This appeal is a continuation of the district court sanctions.**

Any appeal is a "continuation ... of a judicial ... action or proceeding" under Section 362(b)(4). *See Cathey v. Johns-Manville Sales Corp.*, 711 F. 2d 60, 61 (6th Cir. 1983) ("It is beyond peradventure that the instant appeals are continuations of judicial proceedings" under Section 362).

**C.  The contempt order was an exercise of the police power.**

The district court was enforcing its own police or regulatory power by sanctioning Hansmeier and Steele "for their contemptuous statements in court." Doc. 1-1 p. 56. The sanctions were specifically calibrated to redress the contemnors' pattern of "continu[ing] their misdeeds before this Court." *Id.* The district court noted its "inherent and statutory authority to punish for contempt and to coerce compliance with [its] orders." *Id.* p. 51 (citing *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 831-33

(1994)). "The traditional justification for the relative breadth of the contempt power has been necessity: Courts independently must be vested with 'power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates, and . . . to preserve themselves and their officers from the approach and insults of pollution.'" *Int'l Union*, 512 U.S. at 831 (quoting *Anderson v. Dunn*, 6 Wheat. 204, 227 (1821)). "[T]he contempt proceeding is concerned solely with whether or not the respondent's conduct violates a prior court order[.]" *D. Patrick, Inc. v. Ford Motor Co.*, 8 F.3d 455, 459 (7th Cir. 1993). As this Court noted, when it affirmed the earlier sanctions against Hansmeier and Steele in the same case, "this was neither private nor public litigation against the attorneys. What was at stake was the court's power to govern its bar." *Lightspeed Media Corp. v. Smith*, 761 F.3d 699, 711 (7th Cir. 2014).

Contempt sanctions proceedings are exempted from the automatic stay by the Section 362(b)(4) exception. *Coulton*, 594 Fed. App'x at 567 ("With or without a party's motion ... [t]he pursuit of compliance is — by the nature of the court and by the purpose and effect of a sanction — an action by the court."); *Dingley v. Yellow Express, LLC (In re Dingley)*, 514 B.R. 591, 600 (Bankr. 9th Cir. 2014) ("a contempt action for nonpayment of court-ordered sanctions is exempted from the automatic stay unless the

proceeding turns on the determination or collection of the underlying judgment"); *Cooper v. Dallas Police Ass'n*, 584 Fed. App'x 208, 209 (5th Cir. 2014) (per curiam) (contempt proceedings for failure to comply with Fed. R. Civ. P. 37 discovery order exempt) ("The district court did not err in holding that the governmental unit exception to the automatic stay applied to the district court sanctions order."); *SEC v Bilzerian*, 131 F. Supp. 2d 10, 15 (D.D.C. 2001) ("contempt orders to uphold the dignity of the court are excepted from the automatic stay").

"The fact that the sanction is entirely pecuniary does not take it out of section 362(b)(4)." *Alpern*, 11 F.3d at 690 (citing *In re Commonwealth Cos.*, 913 F.2d 518, 522-23 (8th Cir. 1990)); *see also O'Brien*, 74 B.R. at 560 ("The district court's regulatory powers ... serve to protect the general public from needless, harassing, and abusive litigation."). A contempt based on false statements to a court is an offense "peculiarly against the court, and of the sort where the punishment of the offender is a vindication of the dignity of the court; it does not lose that character because the statute authorizes the court to turn over the amount of the fine when collected to some person pecuniarily aggrieved by the offender's conduct." *In re Koronsky*, 170 F.719, 720 (2d Cir. 1909). The sanctions on appeal issued when Hansmeier and Steele compounded their offense by making false

statements to the district court after it had already found them in contempt and sanctioned them "to ensure compliance with the [first] Sanctions Order and to uphold the integrity of the Court." Doc. 1-1 p. 26 (first contempt order); *see also id.* pp. 53-55 (district court order on appeal, again finding Hansmeier and Steele in contempt, and finding "newly discovered evidence directly contradicts their pleas of insolvency").

Appellate decisions routinely find proceedings other than contempt, similarly aimed to coerce compliance, are also exempt from the stay. *See Alpern*, 11 F.3d at 690 ("a proceeding to impose sanctions under Rule 11 is exempt from the automatic stay, pursuant to 11 U.S.C. § 362(b)(4)"); *In re Berg*, 230 F.3d at 1168 (Section 362(b)(4) "exempts from the automatic stay an award of attorneys' fees imposed under [Fed. R. App P.] Rule 38 as a sanction for unprofessional conduct in litigation"); *Sabre Group, Inc. v. European Am. Travel, Inc.*, 192 F.3d 126, 1999 U.S. App. LEXIS 39808, *6 n. 6 (5th Cir. Aug. 9, 1999) (per curiam) (finding Fed. R. Civ. P. 16(f) sanctions order exempt from stay, citing with approval *Alpern* and *Berg*'s affirmance of Rule 11 and Appellate Rule 38 sanctions, because these rules "are parts of a larger effort to insure compliance with court orders"); *In re Wade*, 948 F.2d 1122, 1124 (9th Cir. 1991) (state bar disciplinary proceeding not subject to automatic stay; "In conducting disciplinary proceedings, the

Bar is enforcing its police or regulatory power."). Those decisions further support the Court finding this appeal exempt from the Section 362(a) automatic stay.

## CONCLUSION

"A litigant should not be allowed to delay the imposition of sanctions indefinitely by the expedient of declaring bankruptcy. Allowing him to do so would not only increase the number of bankruptcy filings but also create incentives for unprofessional conduct in litigation by firms or individuals teetering on the edge of the bankruptcy abyss." *Alpern*, 11 F.3d at 690.

For the foregoing reasons, appellee Smith respectfully requests that the Court deny attorney Hansmeier's motion to stay the appeal.


Dated:  August 25, 2015              Respectfully submitted,

                                                       /s/ Dan Booth
                                                       Dan Booth
                                                       Jason Sweet
                                                       Booth Sweet LLP
                                                       32R Essex Street
                                                       Cambridge, MA 02130
                                                       (617) 250-8602

                                                       Attorneys for Appellee Anthony Smith

**CERTIFICATE OF SERVICE**

I hereby certify that on August 25, 2015, I electronically filed Anthony Smith's foregoing Response to Paul Hansmeier's Motion to Stay Appellate Proceedings with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that both participants in the appeal are registered CM/ECF users and that service on appellant Paul Hansmeier will be accomplished by the CM/ECF system.

I further certify that on this date I will send a copy of the foregoing via email to the Settlement Conference Office as directed by the Notice of Rule 33 Conference.

/s/ Dan Booth
Dan Booth