# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| **LIGHTSPEED MEDIA CORP.,** | Appeal No. 15-2440 |
| *Plaintiff*, | On Appeal from the U.S. District Court for the Southern District of Illinois, Case No. 12-889 DRH |
| *v.* | |
| **ANTHONY SMITH, et al.,** | **PAUL HANSMEIER'S REPLY BRIEF RE MOTION TO STAY APPELLATE PROCEEDINGS** |
| *Defendants-Appellee*. | |

Pursuant to Federal Rules of Appellate Procedure 27, appellant Paul Hansmeier respectfully submits this Reply Brief regarding Hansmeier's Motion to Stay Appellate Proceedings. Respondent Anthony Smith advances two arguments for why the automatic stay provided under 11 U.S.C. § 362(a) does not apply to this appeal: (1) this appeal does not continue an action against a debtor; and (2) that the "police power" exemption found in Section 362(b)(4) exempts this appeal from the automatic stay.

### I.  This Appeal Is A Continuation Of Smith's Contempt Proceedings Against Hansmeier.

This appeal arises from a post-dismissal contempt proceeding brought against Paul Hansmeier by Anthony Smith. Thus, this appeal is simply a continuation of Smith's contempt proceedings against Paul Hansmeier. While Smith is correct to note that the underlying case was originally brought by a

company to combat Smith's hacking efforts, the merits of dismissed case have no connection to the issues in this appeal.

The policies underlying the automatic stay—to preserve the status quo with respect to both the debtor's estate and the respective rights of the various creditors, work against Smith's position. *See Sheldon v. Munford*, 902 F.2d 7, 8 (7th Cir. 1990) (discussing protection of creditors, who indirectly have a stake in the appeal). The situation would be different if, for example, this appeal arose from a contempt judgment that Hansmeier obtained against Smith's counsel. But that is not the case here. Absent a Section 362(b) exemption, this appeal is subject to the automatic stay. Smith's arguments regarding the $65,000 posted by appellant John Steele are inconsistent with the *Sheldon* case, in which security for the appeal was posted, but this Court nevertheless held that the stay applied.

## II.  "Police Power" Exemption.

Smith's arguments regarding the "police power" exemption found in Section 362(b)(4) are incomplete. The application of the "police power" exemption appears to distinguish between civil contempts and criminal contempts. The distinction between civil contempts and criminal contempts was exhaustively discussed by this Court in *FTC v. Trudeau*, 579 F.3d 754, 769−770 (7th Cir. 2009). "Civil contempt 'is remedial, and for the benefit of the complainant,' while criminal contempt 'is punitive, to vindicate the authority of the court.'" *Id.* at 669 (quoting

*Manez v. Bridgestone Firestone N. Am. Tire, LLC*, 533 F.3d 578, 583−84 (7th Cir. 2008)).

Seizing on the distinction between "for the benefit of the complainant" and "for the benefit of the court," several courts have held that civil contempt proceedings are subject to the automatic stay, while criminal contempt proceedings are exempt from the stay. *See, e.g., Atkins v. Martinez (In re Atkins)*, 176 B.R. 998, 1006 (Bankr. D. Minn. 1994) ("The automatic stay, then, restrains all persons and entities from initiating civil contempt proceedings against a debtor in bankruptcy"); *Dock Food, Ltd, v. Cherry (In re Cherry)*, 78 B.R. 65, 70 (Bankr. E.D. Pa. 1987) ("We find no exception for admittedly civil contempt proceedings brought by private parties suggested by any of the provisions of 11 U.S.C. § 362(b)"). Other courts have been willing to recognize an exemption for certain civil contempt proceedings, in spite of the lack of a statutory exemption in § 362(b), but as the *Atkins* court explained, "these decisions ... are not well-founded." *Atkins*, 176 B.R. 998.

Under the *Atkins* rule, criminal contempt proceedings are not exempt from the automatic stay. Thus, applying *Trudeau* to the proceedings below, if this Court concludes that the proceedings below were criminal contempt proceedings then the stay does not apply. If the Court concludes that the proceedings below were civil contempt proceedings then the automatic stay should apply.

             Respectfully submitted,

DATED:  September 1, 2015

             <u>/s/ Paul Hansmeier     </u>
             Paul Hansmeier
             100 5th St. S. Suite 1900
             Minneapolis, MN 55402
             612-326-9801
             *In propria persona*

# CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2015, I served the foregoing Docketing Statement via the Court's ECF system upon counsel for Appellee.

                                                   /s/ *Paul R. Hansmeier*
                                                   Paul R. Hansmeier

Case: 15-2440    Document: 19    Filed: 09/01/2015    Pages: 5