# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| **LIGHTSPEED MEDIA CORP.,** | Appeal No. 15-2440 |
| *Plaintiff,* | On Appeal from the U.S. District Court for the Southern District of Illinois, Case No. 12-889 DRH |
| *v.* | |
| **ANTHONY SMITH, et al.,** | **OPPOSITION TO DEFENDANT-APPELLEE ANTHONY SMITH'S MOTION FOR DAMAGES, ATTORNEYS' FEES AND COSTS PURSUANT TO FED. R. APP. P. 38 AND 28 U.S.C § 1927** |
| *Defendants-Appellee.* | |

Appellants John Steele and Paul Hansmeier respectfully oppose Defendant-Appellee Anthony Smith's Motion For Damages, Attorneys' Fees and Costs Pursuant to Fed. R. App. P. 38 and 28 U.S.C. § 1927 (the "Motion"). Smith contends that appellate sanctions are warranted for five independent reasons: (1) Steele's argument regarding discovery obstruction fails to contest that his bank withheld document production after his communication; (2) any attempt to reargue credibility determinations by the district court falls into the category of frivolous appeals; (3) Appellants violated Rule 10(b) by failing to disclose their intention to not order the transcript; (4) arguments in Appellants' brief were previously waived, are contrary to law, and contravene the Federal Rules of Appellate Procedure; and (5) Appellants' appeal is frivolous because there is no reasonable expectation of

success and is simply being used for purposes of delay. Appellants address each of these arguments below, respectively.

## I. Contrary to Smith's assertion, Steele does contend that his communications with Sabadell had no impact on Sabadell's production.

Smith's first argument is that Steele "appeals in part from a finding by the district court that he obstructed discovery about his finances, without contesting that his bank withheld production after Steele's communications."[1] Smith's argument ignores the substance of Steele's argument, which in relevant part reads:

> "Worth mentioning is that nothing about Steele's communication with Sabadell actually impeded discovery. Smith received the subpoenaed documents from Sabadell without, for example, having to file a motion to compel. The record is full of documents that Smith obtained from Sabadell."

Opening Br. 31. Contrary to Smith's argument, Steele contests whether his communication had any impact on Sabadell's production.

## II. Appellants do not challenge the district court's credibility determinations in this appeal.

Smith's second argument is that any attempt by the Appellants to reargue the district court's credibility determination is frivolous. The best response to this argument is that neither Steele nor Hansmeier challenge a "credibility

---

[1] Smith's argument on this point also includes the following statement: "Such an appeal is frivolous where 'a trial court's discovery rulings are reversed only on a clear showing of abuse and it is unusual to find an abuse of discretion in these matters.'" Any suggestion by Smith or anyone else that a discretionary standard of review necessarily triggers a finding of frivolousness is, itself, frivolous.

determination" in this appeal. Hansmeier's appeal challenges: (a) the district

court's reliance on evidence Smith submitted in connection with his motion for

reconsideration; (b) the district court's interpretation of that evidence; and (c) the

district's use of contempt sanctions. Steele's appeal includes these challenges, and,

in addition, challenges the district court's finding of discovery misconduct and the

amount of the discovery sanction the district court imposed. None of this goes to a

"credibility determination." Thus, Smith's second argument is inapposite to this

appeal.

**III.    The November 12, 2014 evidentiary hearing transcript is not needed to conduct a meaningful appellate review of the issues raised in this appeal.**

Smith's third argument is that this appeal is frivolous because Appellants

failed to order a transcript of the November 12, 2014, evidentiary hearing. In

*Stookey v. Teller Training Distributors, Inc.*, 9 F3d 631 (7th Cir. 1993), an appeal

was determined to frivolous where the appellants were objecting to findings that

were substantially based on hearings, notwithstanding that the appellants failed to

order transcripts of those hearings. *Id.* At 635.

This case is quite different. Neither Steele nor Hansmeier are objecting to

findings arising from the November 12, 2014 hearing. It is worth recalling that

Steele and Hansmeier prevailed at the November 12, 2014 hearing. There would be

no reason for either appellant to challenge the district court's finding that Smith

failed to present sufficient evidence to meet his burden of proof.

**IV.     Smith's waiver arguments and references to prior appeals are unavailing.**

Smith's fourth argument is that Steele waived the "tenancy by the entirety"

argument below and that Appellants' reliance on *Trudeau* is frivolous because the

argument was previously rejected by this Court with respect to a prior sanction.

Smith's argument that Steele waived his arguments regarding "tenancy by

the entirety" below is belied by the district court record. On December 29, 2014,

Steele filed a memorandum in opposition to Smith's Motion for Reconsideration.

Dkt. No. 192. In that memorandum, Steele objected to Smith's motion on the

grounds that the bank accounts were held in tenancy by the entirety. Dkt. No. 192

at 2-3. Steele did not waive the argument. None of the cases cited by Smith relate

to a situation comparable to the present circumstances.[2]

---

[2] With one exception, all of Smith's cases relate to the thoroughness of appellate briefing. Smith asserts no objection to the sufficiency of Steele's appellate briefing. *Tyler v. Runyon*, 70 F.3d 458 (7th Cir. 1995) involved waiver of an argument on appeal through failure to cite to relevant case law in the appeal brief, contrary the requirements of the Federal Rules of Appellate Procedure. *Bratton v. Roadway Package System, Inc.*, 77 F.3d 168 (7th Cir. 1996) found appellants' arguments waived because appellants, on appeal, neither identified evidence nor citied authority. *Salazar v. City of Chicago*, 940 F.2d 233 (7th Cir. 1991) held that a plaintiff waived an argument by failing to object to a court ruling on jury instructions during trial. *Head Start Family Education Program, Inc. v. Cooperative Educational Service Agency*, 46 F.3d 629 (7th Cir. 1995) holds that an argument raised in an appeal brief in a short conclusory paragraph which contains

As for Smith's attack on Appellants' *Trudeau* argument: simply because a prior sanction imposed by the district court survived a *Trudeau* attack does not mean that a later sanction is inherently immune to such an attack. Indeed, the existence of a prior sanction—ruled by this Court to be compensatory in nature—is almost *prima facie* proof that a subsequent sanction (for essentially the same conduct) must be struck down under *Trudeau.*

## V. Appellants' appeal is not frivolous merely because other appeals have failed.

Smith's final argument is that Appellants' appeal is frivolous and is being used solely for purposes of delay. Smith's sole basis for asserting frivolousness is his reference to Appellants' prior unsuccessful appeals in this case. Yet, this appeal raises unique arguments that are consistent with controlling authority and the record. The mere fact that prior appeals have failed does not mean that this appeal will fail—or, for that matter, is frivolous.

DATED:    December 10, 2015    Respectfully submitted,

/s/ Paul Hansmeier
Paul Hansmeier
100 5th St. S. Suite 1900
Minneapolis, MN 55402
612-326-9801

no substantive argument, legal citations, or references to the record is waived. *LINC Finance Corp. v. Onwuteaka* holds that a failure to cite authority in an <u>appeal brief</u> gives rise to waiver.